UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

Daphnee Doresca,

                Debtor.
-------------------------------------------------------------------X

Chapter 7

Case No.: 8-16-75006-las

Daphnee Doresca,

                Plaintiff,

     -against-

OneWest Bank, FSB, IndyMac Bank, FSB,
and Ocwen Loan Servicing, LLC,

                Defendants.

Adv. Pro. No.: 8-17-8213-las

-------------------------------------------------------------------X

Ocwen Loan Servicing, LLC

                Third-Party Plaintiff,

     -against-

Daphnee Doresca, N City Corp. Builders, Inc.,
and "John Doe Nos. 1-10,"

                Third-Party Defendants.

-------------------------------------------------------------------X

MEMORANDUM DECISION AND ORDER

I.     Introduction

In this adversary proceeding, plaintiff Daphnee Doresca ("Plaintiff"), now appearing *pro se*,[1] asks this Court to determine the validity, priority, or extent of a mortgage lien

---

[1] Plaintiff was represented by counsel at the time this adversary proceeding was commenced. Plaintiff terminated that engagement and proceeded *pro se*. Subsequently, at various stages of this adversary proceeding, Plaintiff hired two other law firms to represent her. Each law firm requested and was granted leave to withdraw as counsel.

asserted by defendants PHH Mortgage Corporation ("PHH"), successor by merger with Ocwen Loan Servicing, LLC ("Ocwen") and OneWest Bank, FSB ("One West" and together with PHH, "Defendants") against the real property located at 199 William Street, Hempstead, New York (the "Property"). *See generally* First Amended Adversary Complaint ("First Amended Complaint" or "FAC"). [Dkt. No. 81].[2] In the First Amended Complaint, Plaintiff alleged that after she acquired the Property pursuant to a default judgment entered against the original borrower, Carla Desrouilleres, in the Supreme Court of the State of New York, County of Nassau, Ocwen assigned its mortgage to N City Corporate Builders, Inc. ("N City") and Plaintiff thereafter satisfied the mortgage debt by remitting payment to N City. Plaintiff further alleged that to the extent it is determined that Defendants hold a mortgage against the Property, Defendants are time-barred under the relevant statute of limitations from seeking to foreclose the mortgage. For their part, Defendants have contested the validity of the alleged assignment and satisfaction of the mortgage and argue that the applicable statute of limitations has yet to expire. *See generally* Answer and Counterclaim. [Dkt. No. 99].[3]

Plaintiff has now moved for leave to file a second amended complaint under Federal Rule of Civil Procedure 15(a)(2), made applicable to this adversary proceeding by Bankruptcy Rule 7015, to add a claim that she is both a bona fide purchaser for value and a bona fide encumbrancer and thus owns the Property free and clear of any mortgage asserted by Defendants. *See* Motion for Leave to Amend Adversary Complaint ("Motion to Amend") [Dkt.

---

[2] Unless otherwise stated, all docket references to the adversary proceeding are cited as "[Dkt. No. __]."

[3] Defendants have also filed a third-party action against Plaintiff and N City seeking a determination as to the parties' respective rights in and to the Property and to expunge both the assignment of the mortgage and the subsequent satisfaction of the mortgage. [Dkt. No. 10]. N City filed an answer to the third-party complaint and asserted a counterclaim. [Dkt. No. 103]. Plaintiff has moved to dismiss the third-party complaint as against her. [Dkt. No. 114].

No 119] and Reply [Dkt. No. 126]; Second Amended Adversary Complaint ("Proposed Second Amended Complaint" or "PSAC) [Dkt. No. 124]. Defendants have opposed the Motion to Amend on multiple grounds, including futility, undue delay, and prejudice. [Dkt. No. 125].

The Court has carefully considered the submissions of both parties and, for the reasons stated below, denies the Motion to Amend.

II.     Jurisdiction

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and the Standing Order of Reference of the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.). Proceedings to determine the validity, extent, or priority of liens are core proceedings that the Court may hear and decide. 28 U.S.C. § 157(b)(1), (b)(2)(K). The Court has constitutional authority to enter final orders and judgment in this adversary proceeding.

III.    Background

A. Factual Allegations[4]

The parties' familiarity with the factual allegations in this adversary proceeding is presumed, and the Court recounts only those factual allegations that are pertinent to the disposition of the motion for leave to file a second amended complaint.

---

[4] The facts are drawn from the Proposed Second Amended Complaint, unless otherwise noted, and are accepted as true for the purposes of the motion for leave to file a second amended complaint. *See Panther Partners, Inc. v. Ikanos Communications, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) ("In assessing whether the proposed [amended] complaint states a claim, [courts] consider the proposed amendments along with the remainder of the complaint … accept as true all non-conclusory factual allegations therein and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief."). However, references to the allegations in the Proposed Second Amended Complaint should not be construed as a finding of fact by the Court, and the Court makes no such findings. The Court recites background facts, to extent not involving questions of sufficiency of allegations in the Proposed Second Amended Complaint, taken from the parties' submissions on the Motion to Amend.

On April 20, 2007, Carla Desrouilleres, as borrower, executed and delivered a promissory note (the "Note") to IndyMac Bank, F.S.B. ("IndyMac") for $398,500.00. *See* Opposition to Plaintiff's Motion for Leave to Amend, at 2 [Dkt. No. 125]. That same day, and as security for the Note, Ms. Desrouilleres executed, acknowledged, and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for IndyMac, a mortgage against the Property (the "Mortgage"). *Id.* The Mortgage was recorded in the land records of the Office of the Nassau County Clerk on May 1, 2007 in Liber Book M 31836 Page 99. *See* PSAC, Exhibit N [Dkt. No. 124].[5] The Mortgage was subsequently assigned by MERS, as nominee for IndyMac, to OneWest on October 28, 2009. PSAC ¶ 17, Exhibit N. This assignment was recorded in the Office of the Nassau County Clerk on December 2, 2009. *Id.* Pursuant to a default judgment entered against Ms. Desrouilleres in the Supreme Court of the State of New York, County of Nassau, Plaintiff alleges that she acquired title to the Property on August 2, 2013. PSAC ¶ 46, Exhibit O.

The Mortgage was again assigned, this time to Ocwen, on March 19, 2015. PSAC ¶ 19, Exhibits F, N. The assignment to Ocwen was recorded in the Office of the Nassau County Clerk on April 10, 2015. PSAC, Exhibit N. Thereafter, an Assignment of Mortgage (the "Purported Assignment"), dated November 19, 2015, assigning the Mortgage from Ocwen to N City[6] was recorded in the Office of the Nassau County Clerk on March 15, 2017. PSAC, ¶¶ 22, 23, Exhibits I, N. Plaintiff alleges that she satisfied the Mortgage by remitting payment to N City. PSAC ¶ 34, Exhibit M. A Satisfaction of Mortgage (the "Satisfaction"), dated

---

[5] Exhibit N to the Proposed Second Amended Complaint is an unlabeled exhibit, which contains the Property's chain of assignments, and the recording information for each assignment.

[6] According to counsel for N City, Corporate Capital Brokers is the successor in interest to N City. For ease of reference, the Court refers to the purported assignee of the Mortgage as N City.

October 19, 2016, purporting to release the Mortgage, was recorded in the land records of the Office of the Nassau County Clerk on June 16, 2017. PSAC ¶ 36 Exhibit. N.

### B. Procedural History[7]

Plaintiff brought this adversary proceeding by the filing of a complaint seeking a determination of the validity, priority, and extent of any liens asserted by Defendants against the Property. *See generally* Complaint ("Original Complaint"). [Dkt. No. 1]. The Original Complaint alleged, *inter alia*, that the Mortgage was assigned by Ocwen to N City and subsequently discharged by the Satisfaction and that the six-year statute of limitations to foreclose had expired. *See id.* Defendants answered the original Complaint and, in turn, brought a counterclaim of their own seeking to expunge of record the Purported Assignment and the Satisfaction [Dkt. No. 9]. Defendants also commenced a third-party action against Plaintiff and N City seeking the same relief [Dkt. No. 10].

Plaintiff sought leave to amend the Original Complaint [Dkt. No. 78] and, with the Court's permission, filed the First Amended Complaint [Dkt. No. 81]. The First Amended Complaint is identical to the Original Complaint except that it amends Plaintiff's statute of limitations claim to allege that the Note was accelerated pursuant to a default notice dated November 1, 2008. FAC ¶ 14, Exhibit A.[8] Defendants filed an answer to the First Amended Complaint and asserted a counterclaim seeking to expunge of record the Purported

---

[7] In this section, the Court recites the procedural history of this adversary proceeding only to the extent relevant to the disposition of the Motion to Amend. For purposes of resolving the Motion to Amend, the Court need not recount the extensive motion practice in this adversary proceeding, including multiple motions addressing discovery disputes.

[8] In the First Amended Complaint (and repeated in the Proposed Second Amended Complaint), Plaintiff asserts various claims as to why the Mortgage held by PHH may not be enforced against the Property. The threshold issue, however, is whether there is a mortgage in favor of PHH encumbering the Property. That is the heart of this dispute and the subject of Plaintiff's request in the First Amended Complaint (which is the operative complaint) and the Proposed Second Amended Complaint for declaratory relief that she owns the Property free and clear of any mortgage asserted by PHH.

Assignment and Satisfaction. *See generally* Answer and Counterclaim. [Dkt. No. 99]. Plaintiff filed an answer to the counterclaim [Dkt. No. 109].

As for the third-party complaint brought by Defendants against Plaintiff and N City to quiet title and expunge as of record the Purported Assignment and Satisfaction, (i) Plaintiff has moved to dismiss that complaint as against her [Dkt. No. 114], and (ii) N City has filed an answer and asserted a counterclaim [Dkt. No. 103]. Defendants answered the counterclaim asserted by N City [Dkt. No. 106]. Defendants opposed Plaintiff's motion to dismiss [Dkt. No. 120] and Plaintiff replied [Dkt. No. 121].[9]

Plaintiff has now moved for leave to file a second amended complaint pursuant to Fed. R. Civ. P. 15(a)(2). *See generally* Motion to Amend[10] [Dkt. No. 119]; Reply [Dkt No. 126]. Plaintiff seeks to add a claim that she is a bona fide purchaser and/or encumbrancer and thus acquired the Property free and clear of the Mortgage held by Ocwen. Defendants PHH and OneWest opposed the Motion to Amend on three grounds – futility, undue delay, and prejudice. [Dkt. No. 125].

IV.    Discussion

A. Legal Standard Applicable to a Motion to Amend

Federal Rule of Civil Procedure 15(a) permits a plaintiff to amend a complaint "as a matter of course" within 21 days of serving the complaint. Fed. R. Civ. P. 15(a)(1) "When a party can no longer amend as a matter of course, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Gross v. PennyMac Loan Servs., LLC*, No. 20-CV-4192 (BMC), 2021 WL 2634764, at *1 (E.D.N.Y. June 25, 2021) (quoting Fed.

---

[9] The motion to dismiss is the subject of a separate decision by the Court.

[10] The Proposed Second Amended Complaint was not attached as an exhibit to the Motion to Amend and was subsequently filed with the Court on January 17, 2022. [Dkt. No. 124].

R. Civ. P. 15(a)(2)). "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citation omitted). "'Amendments are generally favored because they tend to facilitate a proper decision on the merits.'" *Rodriguez v. Ridge Pizza Inc.*, No. 16-CV-00254, 2018 WL 1335358, at *3–4 (E.D.N.Y. Mar. 15, 2018) (quoting *MHANY Mgmt. v. Cty. of Nassau*, 843 F. Supp. 2d 287, 340 (E.D.N.Y. 2012)); *see also Johnson v. Landmark Hosp. LLC*, No. 14-CV-6839, 2016 WL 843286, at *2 (E.D.N.Y. Mar. 1, 2016) (quoting *Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998)). Notwithstanding this permissive standard, leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy*, 482 F.3d at 200 (citing *Foman v Davis*, 371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman*, 371 U.S. at 182); *Ho Myung Moolsan Co. v. Manitou Mineral Water, Inc.*, 665 F. Supp. 2d 239, 250 (S.D.N.Y. 2009).

B. Analysis

Defendants argue that the Court should deny the Motion to Amend on three separate grounds. First, they argue that leave to amend must be denied on the grounds of futility because Plaintiff's bona fide purchaser/encumbrancer claim could not withstand a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Second, Defendants contend that the filing of yet another complaint in this adversary proceeding would unduly prejudice Defendants. Third, Defendants maintain that Plaintiff's proposed amendment should be rejected for undue delay. The Court addresses each argument in turn.

i.   *Futility*

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. Of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir, 2002) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 199, 123 (2d Cir. 1991)); *see also Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 257 (2d Cir. 2002) ("One appropriate basis for denying leave to amend is that the proposed amendment is futile."); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend."); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend should be given freely when justice so requires, where, as here, there is no merit to the proposed amendments, leave to amend should be denied.").

To survive a motion to dismiss under Rule 12(b)(6) a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. To meet this standard, a plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id*. The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although all well-pleaded factual allegations in the complaint are assumed true for purposes of a motion to dismiss, *see Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012), this principle is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

8

suffice." *Iqbal*, 556 U.S. at 678. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Because Plaintiff is proceeding *pro se*, her complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "When considering motions to dismiss a *pro se* complaint such as this, 'courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s].'" *Weixel v. N.Y.C. Bd. Of Educ.*, 287 F.3d 138, 145–46 (2d Cir. 2002) (quoting *Cruz v. Guzman*, 202 F.3d 593, 597 (2d Cir. 2000)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after Twombly, [courts] remain obligated to construe a *pro se* complaint liberally."). However, "pro se status '"does not exempt a party from compliance with relevant rules of procedural and substantive law."'" *Iwachiw v. N.Y.C. Bd. Of Educ.*, 194 F. Supp. 2d 194, 202 (E.D.N.Y. 2002) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

    a. Bona Fide Purchaser

"In New York, a bona fide purchaser must have purchased real property (1) in good faith (2) for valuable consideration and (3) without notice of a cloud, impediment, or defect in title that is advanced to challenge the bona fides of a purchase." *O'Connell v. JPMorgan Chase Bank Nat. Ass'n*, No. 12-CV-1951 (ENV), 2012 WL 6151972, at *2 (E.D.N.Y. Dec. 11, 2012). "[A] subsequent good faith purchaser without notice," who makes such a showing, "can avoid a prior unrecorded conveyance of title or interest, including a mortgage interest, to another purchaser or transferee." *Id.* at *3.

"However, a person will not acquire bona fide purchaser status if, at the time of the purchase, he or she had actual or inquiry notice of 'the existence of some right, or some title, in conflict with that he [or she] is about to acquire.'" *U.S. Bank Nat'l Ass'n v. Jordan*, 176 A.D.3d 1523, 1524 (2019) (citations omitted). Notice of a mortgage interest can be

effectuated by recording the mortgage in accordance with the applicable recording statute. *See O'Connell*, 2012 WL 6151972, at *3–4.

In her Proposed Second Amended Complaint, Plaintiff seeks to assert that she has satisfied the notice requirement of bona fide purchaser status because, *inter alia*, a November 7, 2016, title search revealed that Defendants had assigned the mortgage to N City. PSAC ¶ 31. This, according to Plaintiff, demonstrates that she did not have actual or constructive notice of Defendants' mortgage as required to sustain a bona fide purchaser claim. *Id.* ¶ 35. But Plaintiff overlooks the timing of the notice requirement—to obtain bona fide purchaser status, the claimant must lack notice of the purported encumbrance "*at the time of the purchase.*" *U.S. Bank Nat'l Ass'n*, 176 A.D.3d at 1524 (emphasis added). Plaintiff claims her ownership interest in the property was perfected on August 2, 2013. PSAC ¶ 46. To satisfy the notice element of a bona fide purchaser claim, the mortgage would have to be unrecorded on the date of purchase. *See U.S. Bank Nat'l Ass'n*, 176 A.D.3d at 1524. A chain of title search provided by Plaintiff shows that the mortgage was recorded on May 1, 2007. Because "[n]otice of a mortgage interest can be effected by recording the mortgage in accordance with the applicable recording statute," and the mortgage encumbering the Property was recorded when Plaintiff claims to have perfected her ownership interest, she cannot satisfy the notice element required to sustain a bona fide purchaser claim. *See O'Connell*, 2012 WL 6151972, at *3–4. Thus, Plaintiff has failed to state a claim that she is a *bona fide* purchaser and granting her leave to amend the First Amended Complaint to add such a claim would be futile. *See Health-Chem Corp.*, 915 F.2d at 810; *Lucente*, 310 F.3d at 258, 260; *Ruffolo*, 987 F.2d at 131–32; *Ho Myung Moolsan Co.*, 665 F. Supp. 2d at 250. Because the Court finds that Plaintiff has not adequately alleged that she acquired the Property without notice of the existing Mortgage, the Court need not address the other elements Plaintiff must allege to

state a claim that she is a bona fide purchaser. The Court notes, however, that absent from the Proposed Second Amended Complaint are any factual allegations that Plaintiff purchased the Property or that she did so for valuable consideration. To the contrary, the Proposed Second Amended Complaint alleges that she the acquired the Property pursuant to a default judgment. PSAC ¶ 46, Exhibit O.

    b.  Bona Fide Encumbrancer

Plaintiff also seeks to add a claim that she a bona fide encumbrancer and the Court must, therefore, award her clear title to the Property free of the Mortgage asserted by Defendants. Under New York law, a "bona fide . . . encumbrancer" is anyone who, acting in good faith, (1) "provides the equity purchaser with a mortgage or provides a subsequent bona fide purchaser with a mortgage" (2) without notice "of the equity seller's continuing right to, or equity in, the property prior to the acquisition of title or encumbrance" (3) and without notice of any violation of New York Real Property Law "by the equity purchaser as related to the subject property." N.Y. Real Prop. Law § 265-a. Subject to the rules of New York's Recording Statute, "[t]he rights of an encumbrancer for value are protected 'unless it appears that [the encumbrancer] had previous notice of the fraudulent intent of [its] immediate grantor, or of the fraud rendering void the title of such grantor.'" *Miller-Francis v. Smith-Jackson*, 113 A.D.3d 28, 34 (1st Dep't 2013) (citations omitted). "A mortgagee may make a prima facie showing that it is a bona fide encumbrancer by presenting a title search showing a clear chain of title." *Id.*

Plaintiff alleges she is a bona fide encumbrancer because she made a mortgage payment to N City in reliance on a "title search [that] revealed N City . . . was the assignee of the note and mortgage." PSAC ¶ 72. But Plaintiff's claim overlooks a key element of New York's bona fide encumbrancer statute, namely that the alleged bona fide encumbrancer must encumber the property by providing the equity purchaser, or subsequent bona fide

11

purchaser, with a mortgage. N.Y. Real Prop. Law § 265-a. Here, absent from the Proposed Second Amended Complaint are any factual allegations that Plaintiff encumbered the Property. To the contrary, Plaintiff asserts that she *satisfied* the mortgage that encumbered the Property when she remitted payment to N City, not that she encumbered the Property as mortgagee. PSAC ¶ 34. Thus, Plaintiff has failed to adequately plead a claim that she is an encumbrancer for value and granting her leave to amend would be futile.[11] *See Health-Chem Corp.*, 915 F.2d at 810; *Lucente*, 310 F.3d at 258, 260; *Ruffolo*, 987 F.2d at 131–32; *Ho Myung Moolsan Co.*, 665 F. Supp. 2d at 250.

    *ii.    Delay*

Although "[d]elay alone . . . does not usually warrant denial of leave to amend," *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234–35 (2d Cir. 1995), a lengthy, unexplained delay diminishes the showing of prejudice the non-moving party is required make to defeat the motion. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (quoting *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983)). "Consistent with this principle, various courts have held that leave to amend may be denied 'when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay.'" *Gross*, 2021 WL 2634764, at *2 (quoting *Kiarie v. Dumbstruck, Inc.*, 473 F. Supp. 3d 350, 357 (S.D.N.Y. 2020)).

Four and a half years after filing the Original Complaint—and nearly two years after the Court first granted Plaintiff leave to file the First Amended Complaint—Plaintiff again seeks to amend her pleading. Plaintiff's moving papers proffer no explanation for the delay.

---

[11] Because the Court concludes that amendment to the existing complaint to add a claim that Plaintiff is a bona fide purchaser and a bona fide encumbrancer would be futile, it need not address the remaining arguments raised by Defendants in their opposition to the Motion to Amend. However, for the sake of completeness, the Court will address the two grounds for denial asserted by Defendants – delay and prejudice.

Notably, Plaintiff herself acknowledges that the proposed amendment, which seeks to add a claim that she is a bona fide purchaser/encumbrancer of the Property and thus possesses clear title free of the Mortgage, "is not a new theory based on newly discovered evidence," and rests on no "newly discovered facts or allegations." Reply ¶ 8. By her own admission, the claim Plaintiff seeks to add is based on facts, allegations, and evidence that she "knew of . . . when [s]he commenced this action . . . [and] when [s]he filed the [First] Amended Complaint." *See Gross*, 2021 WL 2634764, at *2. Because the proposed amendment is based on facts Plaintiff "knew . . . when the original pleading was filed," and Plaintiff has offered "no excuse for the delay," permission for leave to file the Proposed Second Amended Complaint is denied. *Kiarie*, 473 F. Supp. 3d at 357.

### iii. Prejudice

Defendants argue that granting Plaintiff leave to file a second amended complaint would be prejudicial because it would require them to incur the expense of responding to yet another complaint after having twice served responsive pleadings. Opp'n at 14. Plaintiff counters that further amendment would not prejudice Defendants because PHH served a subpoena on CN Capital Management Group, LLC for information related to her proposed amendment. Motion ¶ 9. Plaintiff's argument is unavailing. Where facts relevant to a plaintiff's proposed amendment are "exactly the same . . . . [t]hat just begs the question of why plaintiff did not include these allegations in earlier complaints." *Gross*, 2021 WL 2634764, at *3 (internal quotations omitted).

Plaintiff's prolonged delay in asserting her bona fide purchaser/encumbrancer claim diminishes the showing of prejudice Defendants are required to make in opposition. *See Rachman Bag Co.*, 46 F.3d at 234–35. Thus, although the "time, effort, and money . . . expended in litigating" a matter often do not rise to the level of "substantial prejudice" necessary to defeat a motion to amend, *Block*, 988 F.2d at 351, Plaintiff's lengthy delay and

failure to include this claim in both the Original Complaint and the First Amended Complaint are sufficiently prejudicial to meet this reduced standard. *See Gross*, 2021 WL 2634764, at *3.

## Conclusion

For the forgoing reasons, Plaintiff's Motion to Amend is denied.

SO ORDERED



Dated: March 24, 2023
Central Islip, New York

_Louis A. Scarcella_
**Louis A. Scarcella**
**United States Bankruptcy Judge**