UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

In re:

Daphnee Doresca,

                         Debtor.

-------------------------------------------------------------------X

Daphnee Doresca,

                Plaintiff,

          -against-

OneWest Bank, FSB, IndyMac Bank, FSB,
and Ocwen Loan Servicing, LLC,

               Defendants.

-------------------------------------------------------------------X

Ocwen Loan Servicing, LLC,

               Third-Party Plaintiff,

          -against-

Daphnee Doresca, N City Corp. Builders, Inc.,
and "John Doe Nos. 1-10,"

              Third-Party Defendants.

-------------------------------------------------------------------X

Chapter 7

Case No.: 8-16-75006-las

Adv. Pro. No.: 8-17-08213-las

MEMORANDUM DECISION AND ORDER ON
MOTION TO DISMISS THIRD-PARTY COMPLAINT

      This decision resolves a motion brought by third-party defendant Daphnee Doresca

("Doresca"), now appearing *pro se*,[1] to dismiss the third-party complaint of Ocwen Loan

Servicing LLC ("Ocwen") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

---

[1] Doresca was represented by counsel at the time this adversary proceeding was commenced. She terminated that engagement and proceeded *pro se*. Subsequently, at various stages of this adversary proceeding, Doresca hired two other law firms to represent her. Each law firm requested and was granted leave to withdraw as counsel.

Procedure (Fed. R. Civ. P."), as made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). [Dkt. Nos. 114, 121].[2]

Doresca seeks dismissal: (i) under Fed. R. Civ. P. 12(b)(1) on the basis that the Court lacks subject matter jurisdiction because third-party plaintiff, Ocwen, lacks standing under Article III of the United States Constitution; and (ii) under Fed. R. Civ. P. 12(b)(6) on the grounds that the third-party complaint fails to plead fraud with particularity as required by Fed. R. Civ. P. 9(b), as made applicable to this adversary proceeding by Bankruptcy Rule 7009, and thus fails to state a claim upon which relief may be granted.

PHH Mortgage Corporation ("PHH"), successor by merger with Ocwen, opposed the motion to dismiss. [Dkt. No. 120]. For its part, PHH contends that the third-party complaint alleges sufficient facts to support each element of Article III standing and satisfies the enhanced pleading requirement of Fed. R. Civ. P. 9(b) to the extent it is applicable to the third-party action. PHH also contends that Doresca is a necessary party to the third-party action pursuant to both Fed. R. Civ. P. 19, as made applicable to this adversary proceeding by Bankruptcy Rule 7019, and Article 15 of the New York Real Property and Proceedings Law ("NY RPAPL").

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §1334(b) and the Standing Order of Reference of the United States District Court for the Eastern District of New York entered pursuant to 28 U.S.C. § 157(a), dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.).

The Court has reviewed thoroughly the parties' submissions and, for the reasons stated below, the third-party complaint is dismissed as to Doresca under Fed. R. Civ. P. 14(a), as made applicable to this adversary proceeding by Bankruptcy Rule 7014, which governs

---

[2] Unless otherwise stated, all docket references to the adversary proceeding are cited as "[Dkt. No. __]."

third-party practice.[3] Because the Court concludes that Fed. R. Civ. P. 14(a) is controlling, the Court need not, and does not, consider the grounds for dismissal asserted by Doresca in her motion to dismiss.

This ruling does not prejudice any of the parties to the third-party action because: (i) the allegations in PHH's third-party complaint ("Third-Party Complaint"), [Dkt. No. 10], are identical to the allegations in PHH's counterclaim filed against Doresca in the main adversary proceeding ("Counterclaim"), [Dkt. No. 99][4]; (ii) Doresca answered the Counterclaim [Dkt. No. 109]; (iii) third-party defendant, N City Corporate Builders Inc. ("N City") has been joined on the Counterclaim, *see* Fed. R. Civ. P. 13(h), as made applicable to this adversary proceeding by Bankruptcy Rule 7013; and (iv) N City filed an answer to the third-party complaint [Dkt. No. 103] and has been granted time to respond to the identical allegations set forth in the Counterclaim. Thus, all parties to the third-party action are parties to the main adversary proceeding in which Doresca, as plaintiff, asks this Court to determine the validity, priority, or extent of a mortgage lien asserted by defendants PHH and OneWest Bank, FSB against real property located at 199 William Street, Hempstead, New York (the "Property"), *see generally* First Amended Complaint, [Dkt. No. 81],[5] and PHH asks this Court to determine its mortgage interest and claims against the Property, and to discharge and cancel as of record a purported assignment of its mortgage to N City and subsequent satisfaction of that mortgage, *see generally* Answer and Counterclaim, [Dkt. No. 99]. The Court will therefore rule on the issues raised by the Third-Party Complaint, which

---

[3] This Decision and Order is consistent with and explains further the bases for the Court's oral ruling at a status conference held on April 13, 2023, at which the Court *sua sponte* addressed the application of Fed. R. Civ. P. 14(a).

[4] Compare ¶¶ 69–136 of the Counterclaim to ¶¶ 1–71 of the Third-Party Complaint.

[5] Doresca moved for leave to file a second amended complaint. That motion was denied. *See* Memorandum Decision and Order dated March 24, 2023. [Dkt. No. 196].

has been referred to by the parties as an action to "quiet title" to the subject property, in the main adversary proceeding where, as noted above, the central allegations in the Counterclaim are identical to the factual allegations in the Third-Party Complaint. The third-party action against N City, the remaining third-party defendant, will be held in abeyance pending determination by the Court of the issues raised in the main adversary proceeding.

I.      Factual Allegations[6]

The parties' familiarity with the factual allegations in this adversary proceeding is presumed, and the Court recounts only those factual allegations that are pertinent to the disposition of the motion to dismiss.

On April 20, 2007, Carla Desrouilleres (the "Borrower") executed and delivered a promissory note (the "Note") to IndyMac Bank, F.S.B. ("IndyMac") for $398,500.00. Third-Party Complaint ¶ 13. That same day, as security for the Note, the Borrower executed, acknowledged, and delivered to Mortgage Electronic Registration Systems, Inc., and as nominee for IndyMac, a mortgage against the Property (the "Mortgage" and together with the Note, the "Mortgage Loan"). *Id.* ¶ 14. The Mortgage was recorded in the land records of the Nassau County Clerk on May 1, 2007, in Liber Book M 31836 page 99, and the mortgage recording tax was duly paid. *Id.* ¶ 15. The Mortgage was subsequently assigned to OneWest Bank, FSB ("OneWest") and from OneWest to Ocwen. *Id.* ¶ 16. Ocwen is the current holder of the Borrower's original Note and Mortgage, and the Federal National Mortgage Association is the beneficial owner of the Mortgage Loan. *Id.* ¶ 17. Ocwen's counsel, Blank

---

[6] The facts stated are taken from the Third-Party Complaint, unless otherwise noted, and are accepted as true for the purposes of this motion to dismiss. *See Koch v. Christie's Int'l PLC*, 699 F. 3d 141, 145 (2d Cir. 2012). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). References to the allegations in the Third-Party Complaint should not be construed as a finding of fact by the Court, and the Court makes no such findings.

Rome, LLP, is in physical possession of the original Note and Mortgage, endorsed in blank by IndyMac, as bailee for Ocwen. *Id.* ¶ 18. Payment obligations due and owing under the Borrower's Note and Mortgage remain unsatisfied. *Id.* ¶ 19. Doresca claims to be the current owner of the Property, having allegedly obtained title from the Borrower pursuant to a default judgment entered by the Nassau County Supreme Court. *Id.* ¶ 20.

On March 15, 2017, an Assignment of Mortgage, dated November 19, 2015 (the "Assignment"), purporting to assign the Mortgage from Ocwen to N City, was recorded in the land records of the Nassau County Clerk. *Id.* ¶ 21, Exhibit A. The Assignment purports to have been notarized by Jason Berkeley, an employee of Ocwen. Third-Party Complaint ¶ 22. Although Mr. Berkeley was employed by Ocwen on November 19, 2015, Ocwen alleges that he did not have the authority to notarize documents at the time of the purported Assignment.[7] *Id.* ¶ 24. Ocwen alleges that the Assignment is invalid and a fraudulent document, *Id.* ¶¶ 25–30, and at no time did it authorize an assignment of the Mortgage to N City, *Id.* ¶ 63.

On June 16, 2017, N City recorded a Satisfaction of Mortgage, dated October 19, 2016 (the "Satisfaction"), in the land records of the Nassau County Clerk, which purportedly released the Mortgage. *Id.* ¶ 31, Exhibit B. Ocwen alleges that it did not authorize N City to release the Mortgage. Third-Party Complaint ¶ 32. According to the Third-Party Complaint, the purported Assignment and Satisfaction at issue in this adversary proceeding are part of a scheme by Doresca to discharge valid mortgage liens on various other properties where the mortgages were purportedly assigned and later satisfied in similar fashion to what is at issue here. *Id.* ¶¶ 33–58.

---

[7] It is alleged that Berkeley began a position in a different department within Ocwen on or about January 5, 2015. Third-Party Complaint ¶ 24. At the time of the Third-Party Complaint's filing, Berkeley was still employed by Ocwen. *Id.* ¶ 23.

## II.    Discussion

PHH's Third-Party Complaint is dismissed as to Doresca by application of Fed. R. Civ. P. 14(a).[8] "A party's right to serve a third-party complaint is governed by Rule 14 of the Federal Rules of Civil Procedure." *Romeo v. Suffolk Ready Mix LLC*, No. 09-CV-2253 (JS) (WDW), 2010 WL 3925260, at *2 (E.D.N.Y. Sept. 30, 2010). "Fed. R. Civ. P. 14(a) provides, in relevant part, that a 'defending party may, as third-party plaintiff, serve a summons and complaint on a *nonparty* who is or may be liable to it for all or part of the claim against it.'" *Weider Health & Fitness v. Austex Oil Ltd.*, No. 17-CV-2089 (RMB) (OTW), 2018 WL 6625072, at *7 (S.D.N.Y. Sept. 30, 2018) (quoting Fed. R. Civ. P. 14(a)) (emphasis added), *report and recommendation adopted*, No. 17-CV-2089 (RMB) (OTW), 2018 WL 5919521 (S.D.N.Y. Nov. 13, 2018).

Rule 14 allows a party who is defending claims to implead or join non-parties as third-party defendants. *Index Fund, Inc. v. Hagopian*, 91 F.R.D. 599, 605 (S.D.N.Y. 1981) ("Rule 14(a) limits impleader to non-parties."); *Behar v. Savard*, 21 F.R.D. 367, 368–69 (S.D.N.Y. 1958) ("Ample authority exists for the proposition that a defendant cannot assert a claim under the rule against a co-defendant already a party to the action."); *Henz v. Superior Trucking Co.*, 96 F.R.D. 219, 220 (M.D. Pa. 1982) ("A person who is not a party to an action may be joined as a third party defendant under Rule 14(a) of the Federal Rules of Civil Procedure. [Plaintiff] is already a party to the action and thus he cannot be a third party defendant under Rule 14(a) . . . . Thus the third party complaint against [Plaintiff] is improper."); *Chevassus v. Harley*, 8 F.R.D. 410, 412 (W.D. Pa. 1948) ("This rule does not permit the original defendant to join as an additional defendant a person already appearing

---

[8] It bears repeating that the determination to dismiss the Third-Party Complaint as to Doresca is based solely on the application of Rules 13 (Counterclaim and Crossclaim) and 14 (Third-Party Practice). As noted, in reaching its conclusion, the Court need not, and does not, address Doresca's contention that PHH lacks standing to bring these claims or that PHH has failed to state a claim under Fed. R. Civ. P. 12(b)(6).

of record as a party."); *Smith v. Brown*, 17 F.R.D. 39, 41 (M.D. Pa. 1955); *Rouley v. State Farm Mut. Auto. Ins. Co.*, 235 F. Supp. 786, 788 (W.D. La. 1964) ("[W]e have no hesitancy in dismissing the third party petition. This is particularly true in light of the provisions of [Rule 14(a)]. [Plaintiff] is a party to the action already, hence a third-party petition as to him is completely unnecessary.").

Although Rule 14 may not be employed to assert a claim against Doresca, an existing party, that claim may be properly asserted against her as a Rule 13 counterclaim. Fed. R. Civ. P. 13; *Lynch v. Sperry Rand Corp.*, 62 F.R.D. 78, 90 (S.D.N.Y. 1973) ("[A] claim[] on behalf of . . . a primary defendant, against the plaintiff . . . is within the definition of a counterclaim."); *Atl. Aviation Corp. v. Costas' Est.*, 332 F. Supp. 1002, 1007 (E.D.N.Y. 1971) ("In the case of a defendant's 'third party plaintiff' claim against a plaintiff, the apt pleading is the counterclaim."). Here, the Counterclaim [Dkt. No. 99] filed by PHH under Fed. R. Civ. P. 13 in response to the operative complaint in the main adversary proceeding asserts claims against Doresca identical to the allegations in the Third-Party Complaint, which Doresca has answered [Dkt. No. 109]. Therefore, although PHH cannot maintain these claims against Doresca, an existing party, in the form of a third-party complaint under Fed. R. Civ. P. 14(a), it may continue to pursue them by virtue of their inclusion in the Counterclaim. *Lynch*, 62 F.R.D. at 90; *Atl. Aviation Corp.*, 332 F. Supp. at 1007. And, as noted above, Fed. R. Civ. P. 13(h) authorizes the joinder of nonparties to a counterclaim subject to Rules 19 and 20. N City has been joined on, and has been granted time to respond to, the Counterclaim. Thus, all parties are before the Court in the main adversary proceeding, where the Court will deal with the claims asserted in the First Amended Complaint, the Answer and Counterclaim filed by PHH, and the response to the Counterclaim to be filed by N City.

III.    Conclusion

For the forgoing reasons, the Third Party-Complaint is dismissed as against Doresca and the third-party action against the remaining third-party defendant, N City, shall be held in abeyance.

So Ordered.



Dated: May 16, 2023
      Central Islip, New York

**Louis A. Scarcella**
**United States Bankruptcy Judge**