UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

Daphnee Doresca,

                         Debtor.
-------------------------------------------------------------------X
Daphnee Doresca,

                         Plaintiff,

        -against-

IndyMac Bank, FSB, OneWest Bank, FSB,
Ocwen Loan Servicing, LLC, et al.,

                         Defendants.
-------------------------------------------------------------------X

Case No. 8-16-75006-las

Chapter 7

Adv. Pro. No. 8-17-08213-las

## MEMORANDUM DECISION AND ORDER ON
## DEBTOR'S RENEWED CROSS-MOTION

In this adversary proceeding, plaintiff and debtor Daphnee Doresca ("Debtor"), now appearing *pro se*,[1] asks this Court to determine the validity, priority, or extent of a mortgage lien asserted by defendants PHH Mortgage Corporation ("PHH"), successor by merger with Ocwen Loan Servicing, LLC ("Ocwen") and OneWest Bank, FSB ("One West" and, together with PHH, "Defendants") against the real property located at 199 William Street, Hempstead, New York (the "Property"). *See generally* First Amended Adversary Complaint

---

[1] Debtor was represented by counsel at the time this adversary proceeding was commenced. Debtor terminated that engagement and proceeded *pro se*. Subsequently, at various stages of this adversary proceeding, Debtor hired two other law firms to represent her. Each law firm requested, and was granted leave, to withdraw as counsel.

(the "First Amended Complaint" or "FAC").[2] [Dkt. No. 81.][3] In the First Amended Complaint, Debtor alleged that after she acquired the Property pursuant to a default judgment entered against the original borrower, Carla Desrouilleres, in the Supreme Court of the State of New York, County of Nassau, Ocwen assigned its mortgage to N City Corporate Builders, Inc. ("N City") and Debtor thereafter satisfied the mortgage debt by remitting payment to N City. Debtor further alleged that to the extent it is determined that Defendants hold a mortgage against the Property, Defendants are time-barred under the relevant statute of limitations from seeking to foreclose the mortgage.

For their part, Defendants have contested the validity of the alleged assignment and satisfaction of the mortgage and argue that the applicable statute of limitations has yet to expire. *See generally* Answer and Counterclaim. [Dkt. Nos. 96, 99.] PHH asserted a counterclaim, and Debtor answered the counterclaim. [Dkt. No. 109.] Defendants also filed a third-party action against Debtor and N City seeking a determination as to the parties' respective rights in and to the Property and to expunge both the assignment of mortgage and the subsequent satisfaction of mortgage. The third-party action as against Debtor was dismissed solely on procedural grounds, and N City was joined as an additional party to Defendants' counterclaim. *See Memorandum Decision and Order on Motion to Dismiss Third-*

---

[2] The First Amended Complaint is the operative complaint in this adversary proceeding. [Dkt. No. 81.] Debtor moved for leave to file a second amended complaint (the "Proposed Second Amended Complaint" or "PSAC") [Dkt. Nos. 119, 124, 126], and Defendants opposed Debtor's motion to amend [Dkt. No. 125]. The Court denied Debtor's request in the *Memorandum Decision and Order* dated March 24, 2023 [Dkt. No. 196] (the "March 24 Order").

[3] Unless otherwise stated, all docket references to the adversary proceeding are cited as "[Dkt. No. __]" and all docket references to the related bankruptcy case of the Debtor, Case No. 8-16-75006-las, are cited as "[Bankr. Dkt. No. __]."

*Party Complaint*. [Dkt. No. 211.] After joinder, Corporate Capital Brokers, LLC ("CCB"), successor-in-interest to N City[4], filed an answer to Defendants' counterclaim. [Dkt. No. 213.]

Now before the Court are Debtor's remaining requests for relief in her self-styled cross-motion [Dkt. No. 244] (the "Renewed Cross-Motion" or "Cross-Mot.[5]"). Debtor filed the Renewed Cross-Motion in response to Defendants' motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, seeking case-terminating sanctions against both Debtor and CCB for failing to perform their obligations under the discovery rules and the discovery scheduling order entered by the Court [Dkt. No. 219] (the "Rule 37 Motion" or "Rule 37 Mot.").

In the Renewed Cross-Motion, Debtor seeks an order: (i) dismissing the counterclaim asserted against Debtor pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b)[6] (the "First Request for Relief"); (ii) cancelling and discharging the mortgage on the Property pursuant to N.Y. R.P.A.P.L. § 1501(4) (the "Second Request for Relief"); (iii) relieving Debtor of the March 24 Order[7] pursuant to Rule 60(b)(1)-(5)[8] (the "Third Request for Relief"); and (iv) denying the Rule 37 Motion as moot, because the statute of limitations precludes the Court from adjudicating this matter (the "Fourth Request for Relief").[9]

---

[4] According to former counsel for N City, CCB is the successor in interest to N City. For ease of reference, the Court refers to the purported assignee of the mortgage as N City.

[5] Citations to the "Cross-Mot." correspond with paragraphs in the *Memorandum of Law of Plaintiff Daphnee Doresca in Support of Motion Joined as of Right to Defendants['] Rule 37 Motion for an Order Dismissing the Causes of Action Asserted Against Her in the Counterclaims, Relieving Plaintiff of an Order, Cancel and Discharge the Mortgage as Stale, and Denying the Rule 37 Motion as Moot* [Dkt. No. 244-2].

[6] Federal Rules of Civil Procedure 12(b) and 9(b) are made applicable to this adversary proceeding by Rules 7009 and 7012(b) of the Federal Rules of Bankruptcy Procedure.

[7] In the March 24 Order, the Court denied Debtor's request for leave to file a second amended complaint to add a claim that Debtor is both a bona fide purchaser for value and a bona fide encumbrancer and thus owns the Property free and clear of any mortgage asserted by Defendants. *See infra* Section III.

[8] Federal Rule of Civil Procedure 60(b) is made applicable to this adversary proceeding by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

[9] In addition to her arguments in connection with the First, Second, Third, and Fourth Requests for Relief, Debtor also argues that PHH violated the automatic stay in her bankruptcy case. *See* Cross-

On April 19, 2024, the Court issued its decision on the Rule 37 Motion [Dkt. No. 290] (the "Rule 37 Decision"). In addition to ruling on the merits of Defendants' motion, the Court addressed several of Debtor's arguments in the Renewed Cross-Motion, to the extent Debtor maintained that such arguments bore on the resolution of the Rule 37 Motion. *See* Rule 37 Decision at 16-21. The Court reserved its ruling on the First, Second, and Third Requests for Relief, as well the statute-of-limitations issue raised by Debtor[10], and noted that a separate decision disposing of the remaining issues in the Renewed Cross-Motion was forthcoming. *Id.* at 5 n.10, 16, 21.

Following careful review of the parties' submissions, the Court denies the First and Third Requests for Relief and reserves its ruling on the Second Request for Relief for the reasons set forth below.

## JURISDICTION

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and the Standing Order of Reference of the United States District Court for the Eastern District of New York, dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.) entered in accordance with 28 U.S.C. § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

---

Mot. ¶¶ 125-37. For the reasons discussed *infra* Section I.A., this argument is improperly raised in the Renewed Cross-Motion and will be addressed at a hearing to be scheduled by the Court.

[10] In the Rule 37 Decision, the Court reserved its ruling on this issue "until the parties have presented arguments and evidence in connection therewith at trial." *See* Rule 37 Decision at 21. The Court notes that trial has not yet been scheduled and therefore declines to address the statute-of-limitations issue at this time.

## BACKGROUND[11]

Following a series of discovery disputes[12], on June 23, 2023, Defendants filed the Rule 37 Motion seeking entry of an order: (1) striking and dismissing Debtor's complaint; (2) striking CCB's answer and awarding default judgment against CCB in PHH's favor; and (3) awarding attorneys' fees and costs incurred by Defendants in connection with the failure of Debtor and CCB to respond to Defendants' discovery requests, together with such other and further relief as the Court deems just and proper.

On July 25, 2023, Debtor filed the July Cross-Motion, purportedly in response to the Rule 37 Motion, seeking an order: (1) dismissing the causes of action asserted against her in the Third-Party Complaint[13] pursuant to Rules 12(b)(1), 12(b)(6) and 9(b); (2) cancelling and discharging of record the mortgage asserted by Defendants on the Property pursuant to N.Y. R.P.A.P.L § 1501(4); (3) determining that Debtor is a bona fide purchaser for value pursuant to N.Y. R.P.L. § 266;[14] (4) imposing sanctions against Andrea Roberts, Esq., Blank Rome LLP, and PHH for a violation of the automatic stay pursuant to § 362(a)(4),(5), § 362(k)(1) and § 105, and expunging the alleged post-petition lien created in favor of PHH on September 24, 2019 and filed on October 27, 2019 by Blank Rome, IndyMac Bank, F.S.B., OneWest, Ocwen,

---

[11] The parties' familiarity with the facts and procedural history is presumed as set forth in prior decisions of the Court. *See generally* March 24 Order [Dkt. No. 196]; *Memorandum Decision and Order on Motion to Dismiss Third-Party Complaint*, dated May 16, 2023 [Dkt. No. 211] (the "May 16 Order"). The Court recounts only those facts and procedural history that are pertinent to the disposition of the pending motion.

[12] *See* Rule 37 Decision at 6-10.

[13] The Third-Party Complaint was dismissed as against Debtor solely on procedural grounds two months before she filed the July Cross-Motion. *See* May 16 Order [Dkt. No. 211]. As discussed *infra* Section I, PHH asserted a counterclaim against Debtor in this adversary proceeding [Dkt. No. 99], and Debtor answered the counterclaim [Dkt. No. 109].

[14] As discussed *supra* note 2 and *infra* Section III, the Court denied Debtor's motion for leave to file a second amended complaint to add a claim that she is a bona fide purchaser for value **four months before** Debtor filed the July Cross-Motion. *See generally* March 24 Order [Dkt. No. 196].

and PHH encumbering the Property; (5) relieving Debtor of the March 24 Order pursuant to Rule 60(a); (6) for sanctions striking PHH's answer to Debtor's First Amended Complaint pursuant to Rule 37; (7) for sanctions expunging post-petition mortgage lien; and (8) awarding such other relief as the Court deems proper. [Dkt. No. 229]. Debtor also opposed the Rule 37 Motion. [*Id.*] Defendants filed their reply in support of the Rule 37 Motion and in opposition to the July Cross-Motion on July 28, 2023 (the "July Cross-Motion Opposition" or "July Cross-Mot. Opp."). [Dkt. No. 232]. On July 31, 2023, Debtor filed a memorandum of law in support of the July Cross-Motion, along with an accompanying declaration. [Dkt. Nos. 235, 236].

At a hearing held on August 1, 2023 (the "August 1 Hearing"), the Court advised Debtor that the July Cross-Motion was improper because the relief requested could not be brought as a cross-motion. *See* Aug. 1 Hear'g Tr. at 11:25-12:23; *id.* at 20:3-15. On August 16, 2023, Debtor filed the Renewed Cross-Motion, including arguments and requests for relief substantially similar to those made in the July Cross-Motion. [Dkt. No. 244]. On September 13, 2023, Defendants timely filed their declaration in opposition to the Renewed Cross-Motion. [Dkt. No. 246]. Debtor filed an untimely declaration and memorandum of law in further support of the Renewed Cross-Motion on September 19, 2023. [Dkt. Nos. 247, 249].

The Court held a hearing on the Rule 37 Motion on September 20, 2023 (the "September 20 Hearing"). On November 17, 2023, counsel for Defendants[15] filed a supplemental memorandum of law in support of the Rule 37 Motion and in opposition to the Renewed Cross-Motion [Dkt. No. 273] (the "Supplemental Cross-Motion Opposition" or

---

[15] Defendants' prior counsel, Blank Rome LLP, moved to withdraw as counsel of record [Dkt. Nos. 261, 262. That motion was granted by Order dated December 1, 2023. [Dkt. No. 278]. Previously, on October 16, 2023, Defendants' new counsel, Houser LLP, filed a notice of appearance. [Dkt. No. 251]. Houser LLP is now counsel of record for Defendants in the adversary proceeding.

"Supp. Cross-Mot. Opp.")[16], along with accompanying Victor Declaration ("Victor Decl.") [Dkt. Nos. 272] and Schulte Declaration ("Schulte Decl.") [Dkt. No. 275]. On December 22, 2023, Debtor filed a supplemental brief in response thereto, along with accompanying materials. [Dkt. Nos. 280-82].

The Court issued the Rule 37 Decision on April 19, 2024. In the Rule 37 Decision, the Court found that Debtor and CCB failed to comply with their discovery obligations and exercised its discretion to preclude Debtor and CCB from offering documents in evidence at a hearing or trial in support of their respective claims and defenses that were not produced in discovery. Rule 37 Decision at 4-5, 35-36. Additionally, the Court granted Defendants' request for reasonable attorneys' fees and costs for prosecution of the Rule 37 Motion, the specific amount of which was to be determined after submission of supplemental documents. *Id.* at 5-6, 36.

The Court also responded to several of Debtor's arguments in the Renewed Cross-Motion, to the extent Debtor endeavored to frame such arguments as somehow dispositive of the Rule 37 Motion. While reserving its ruling on the statute-of-limitations issue raised by Debtor until the parties have presented arguments and evidence at trial, the Court denied the Debtor's Fourth Request for Relief in the Renewed Cross-Motion. *See id.* at 16-21. In sum, the Court rejected Debtor's argument that the Rule 37 Motion should be denied as "moot" on statute-of-limitations grounds, observing that (i) Debtor's argument was raised in a procedurally improper cross-motion, (ii) resolution of the statute-of-limitations issue had no bearing on resolution of the Rule 37 Motion, and (iii) it was not clear from the face of the complaint that Defendants' foreclosure claim is time-barred. *See id.*

---

[16] In their Supplemental Cross-Motion Opposition, Defendants incorporate their arguments made in the July Cross-Motion Opposition, in light of Debtor's nearly identical arguments in her July Cross-Motion and Renewed Cross-Motion. *See* Supp. Cross-Mot. Opp. at 4.

The Court reserved decision on Debtor's remaining requests for relief in the Renewed Cross-Motion, which are now addressed below.

## DISCUSSION

### I.    FIRST REQUEST FOR RELIEF

Debtor's First Request for Relief concerns the counterclaim asserted by PHH in this adversary proceeding.

On October 21, 2021, Defendants filed their answer to Debtor's First Amended Complaint, along with their affirmative defenses. [Dkt. No. 99 ¶¶ 1-68.] PHH also asserted a counterclaim against Debtor and N City. [*Id.* ¶¶ 69-136.] In the counterclaim, PHH seeks a determination of its mortgage interest and claims in and to the Property pursuant to Article 15 of New York's Real Property Actions and Proceedings Law ("N.Y. R.P.A.P.L."). [*Id.* ¶ 69.] Specifically, PHH seeks an Order and Judgment cancelling and discharging from the records of the Nassau County Clerk: (i) an allegedly "unauthorized, invalid, falsified, fraudulent, fabricated, and/or forged" Assignment of Mortgage from Ocwen to N City, and (ii) an allegedly "unauthorized, invalid and/or fraudulent" Satisfaction of Mortgage issued by N City and recorded thereafter. [*Id.* ¶ 70.] Debtor answered the counterclaim on November 18, 2021. [Dkt. No. 109.]

In sum, Debtor's First Request for Relief in the Renewed Cross-Motion seeks to have PHH's counterclaim dismissed pursuant to Rules 12(b)(1), 12(b)(6), and 9(b). For the reasons set forth below, the First Request for Relief is denied.

### A. Debtor's First Request for Relief Is Made in a Procedurally Improper Cross-Motion and May Be Denied Without Regard to the Merits.

The motion presently before the Court is styled as a cross-motion, filed by Debtor in response to Defendants' Rule 37 Motion. In light of Debtor's continued misrepresentations[17] regarding the purpose and function of a cross-motion, generally, the Court will briefly address what a cross-motion is here.

Black's Law Dictionary defines a cross-motion as "[a] *competing* request for relief or orders *similar to that requested by another party against the cross-moving party*, such as a motion for summary judgment or for sanctions." *See* CROSS-MOTION, Black's Law Dictionary (11th ed. 2019) (emphasis added); *see also generally Doresca v. Indymac Bank, FSB (In re Doresca)*, No. 8-16-75006-LAS, 2024 WL 1729625, at *8 (Bankr. E.D.N.Y. Apr. 19, 2024) (citing Black's Law Dictionary, "Cross-Motion"); *Erickson v. MGM Grand, Inc.*, No. 13 CIV. 564 (NRB), 2014 WL 12774971, at *4 (S.D.N.Y. June 25, 2014) (same); *Lent v. Fashion Mall Partners, L.P.*, 243 F.R.D. 97, 99–100 (S.D.N.Y. 2007) (same). Despite her other representations to the contrary, Debtor acknowledges this definition of a cross-motion in her papers. *See* Cross-Mot. ¶ 14.

Defendants' Rule 37 Motion pertained *solely* to discovery issues and sought discovery sanctions in connection therewith. The Renewed Cross-Motion goes far beyond seeking "similar" relief: Debtor seeks dispositive resolution of the issues raised *in this adversary proceeding*. Indeed, the First Request for Relief has nothing to do with discovery issues at all, as Debtor now asks this Court to dismiss PHH's counterclaim pursuant to N.Y. R.P.A.P.L. art. 15.

---

[17] *See* Cross-Mot. ¶ 12 (wherein Debtor acknowledges that, at the August 1 Hearing, the "Court directed [Debtor] to look into 'what is a Cross-Motion' as a guide to understand the Court[']s reasoning"); *see also id.* ¶¶ 13-16 (representing, among other things, that courts "view cross-motions as counterclaims and vice versa as the circumstances necessitate").

The Court first raised this issue at the August 1 Hearing in connection with Debtor's July Cross-Motion, which suffered from similar procedural defects:

> Ms. Doresca filed an objection to that motion for sanctions and styled her pleading . . . as a cross-motion. . . . The cross motion is not a pleading under Federal Rules of Civil Procedure 7. **So what is a cross motion? A cross motion requests relief similar to that requested by the original moving party. So the only item to consider in the pleading that Ms. Doresca has labeled as a cross motion is her request for sanctions against the defendants for her allegation that they failed to comply with the discovery scheduling order entered by the Court in April of 2023. The balance of the relief requested in that cross motion must properly be brought before the Court via a separate motion** . . . .
>
> . . . Ms. Doresca's most recent filing which she labeled as a cross motion, in other words, all that relief, **that has nothing to do with a sanctions issue under 37(b) with respect to discovery**[.]

*See* Aug. 1 Hear'g Tr. at 12:1-23, 20:3-15 (emphasis added); *see also* Cross-Mot. ¶ 12. Despite the Court's warnings, Debtor filed the substantially similar Renewed Cross-Motion, which similarly seeks relief "that has nothing to do with a sanctions issue under 37(b) with respect to discovery," a few weeks later.

Courts routinely deny improper or defective cross-motions without reaching the merits of the arguments made therein. *See, e.g., Shukla v. Meta Platforms Inc.*, No. 23CIV10150JGLCGS, 2024 WL 248775, at *2 n.2 (S.D.N.Y. Jan. 8, 2024), *report and recommendation adopted*, No. 23-CV-10150 (JGLC), 2024 WL 247108 (S.D.N.Y. Jan. 23, 2024) (declining to consider arguments in support of improper cross-motion); *Keesh v. Quick*, No. 19-CV-08942 (PMH), 2022 WL 2160127, at *7 (S.D.N.Y. June 15, 2022) (noting procedurally improper cross-motion "may be denied on that basis and without regard to its merits"); *Sbarra v. Port Auth. of New York & New Jersey*, No. 10 CIV. 8580 CM, 2011 WL 4344078, at *8 (S.D.N.Y. Sept. 9, 2011) (denying procedurally improper cross-motion "on that basis and without regard to its merits").

The Court concludes that the First Request for Relief was raised in a procedurally improper cross-motion and therefore may be denied on that ground without reaching the merits. Nevertheless, for the sake of completeness, the Court will address Debtor's argument in support of her request to dismiss the counterclaim.

### B. The Court Has Subject Matter Jurisdiction Over the Counterclaim, and Debtor's Arguments Pursuant to Rule 12(b)(1) Are Unavailing.

Debtor requests that the Court dismiss the counterclaim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).[18]

#### 1.  *PHH's Counterclaim Is a Compulsory Counterclaim Over Which the Court Has Jurisdiction.*

The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). 28 U.S.C. § 1334(b) provides that district courts have "original but not exclusive" jurisdiction over "civil proceedings arising under title 11 or arising in or related to cases under title 11[.]" *See In re Ames Dep't Stores, Inc.*, 542 B.R. 121, 134–35 (Bankr. S.D.N.Y. 2015) (citing 11 U.S.C. § 1334(b)). In turn, 28 U.S.C. § 157(a) empowers the district court to refer to bankruptcy judges "any and all proceedings arising under title 11 or arising in title 11 or related to a case under title 11." 28 U.S.C. § 157(a); *see also* Standing Order of Reference of the United States District

---

[18] PHH alleges that this Court has subject matter jurisdiction over its counterclaim pursuant to 28 U.S.C. §§ 157, 1334, and 1367. [Dkt. No. 99 ¶ 79.] In her answer, Debtor did not deny the allegations in PHH's counterclaim pertaining to subject matter jurisdiction. [*See generally* Dkt. No. 109.] This constitutes an admission as to jurisdiction under Rule 8(b)(6). *See generally Sheet Metal Workers' Nat. Pension Fund v. Vardaris Tech, Inc.*, No. 13-CV-5286 ARR RML, 2014 WL 4639213, at *3 (E.D.N.Y. Sept. 16, 2014) (observing that allegations regarding jurisdiction were deemed admitted where defendants failed to specifically deny the jurisdictional grounds in answer); *In re Ideal Mortg. Bankers, Ltd.*, 539 B.R. 213, 219 n.8 (Bankr. E.D.N.Y. 2015) (citing Fed. R. Civ. P. 8(b)(6), made applicable to adversary proceedings by Bankruptcy Rule 7008, as providing that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). The Court notes, however, that a party may raise the issue of lack of subject matter jurisdiction as grounds for dismissal at any time. *See Wu v. Jensen-Lewis Co.*, 345 F. Supp. 3d 438, 440 (S.D.N.Y. 2018).

Court for the Eastern District of New York, dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.) entered in accordance with 28 U.S.C. § 157(a). Under 28 U.S.C. § 157(a) and the E.D.N.Y Standing Order of Reference, bankruptcy matters are referred to the bankruptcy judges in this district.

Furthermore, 28 U.S.C. § 157(b)(1) provides that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1). This adversary proceeding—commenced by Debtor to determine the validity, priority, or extent of PHH's mortgage lien asserted against the Property—constitutes a "core proceeding" that "arises in" a case under title 11.  *See* 11 U.S.C. § 157(b)(2)(K) (defining "core proceedings" as including "determinations of the validity, extent, or priority of liens"); *In re Residential Cap., LLC*, 515 B.R. 52, 62 (Bankr. S.D.N.Y. 2014) (observing that, "if the current proceeding qualifies as one of the core proceedings enumerated in section 157(b)(2), then it follows that the Court has subject matter jurisdiction over the action as one 'arising in' a bankruptcy case"). The Court therefore has subject matter jurisdiction over this adversary proceeding, which Debtor does not dispute.

The Court also has subject matter jurisdiction over PHH's counterclaim, which is a compulsory counterclaim under Rule 13(a)(1). *See* Fed. R. Civ. P. 13(a)(1) (defining a compulsory counterclaim as "any claim that . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim [] and . . . does not require adding another party over whom the court cannot acquire jurisdiction").

"Whether a counterclaim is compulsory or permissive turns on whether the counterclaim arises out of the transaction or occurrence that is the subject matter of the

opposing party's claim, and this Circuit has long considered this standard met when there is a logical relationship between the counterclaim and the main claim." *See Berry v. City of New York*, No. 22-CV-05969 (MMG), 2024 WL 1908105, at *2 (S.D.N.Y. May 1, 2024) (citing *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004)). "Although the logical relationship test does not require an absolute identity of factual backgrounds, the essential facts of the claims [must be] so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* (citing *Jones*).

Importantly, a compulsory counterclaim necessarily falls within a court's jurisdiction. *See RN Wellness, LLC v. Essential Hero, LLC*, No. 21-CV-10704 (ALC), 2022 WL 17167981, at *3 (S.D.N.Y. Nov. 22, 2022). In other words, "[c]ompulsory counterclaims do not require an independent grant of jurisdiction." *See Est. of Close v. Cigna Health & Life Ins. Corp.*, No. 22-CV-7449 (RA), 2023 WL 8846562, at *2 n.1 (S.D.N.Y. Dec. 21, 2023).

Here, the counterclaim seeks a determination of PHH's mortgage interest and claims in and to the Property—the very same property that Debtor claims to own free and clear of any encumbrances. PHH's counterclaim thus involves the very same transactions and occurrences underlying Debtor's claims concerning the Property and the essential facts are undoubtedly "logically connected." The counterclaim is therefore a compulsory counterclaim over which this Court has subject matter jurisdiction.[19]

---

[19] PHH's compulsory counterclaim also satisfies the requirements for supplemental jurisdiction under 28 U.S.C. § 1367. *See* 28 U.S.C. § 1367 (providing that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"); *see also Turban v. Bar Giacosa Corp.*, No. 19-CV-1138 (JMF), 2019 WL 3495947, at *3 (S.D.N.Y. Aug. 1, 2019) (observing that the "same transaction or occurrence" test is "more stringent" than the "common nucleus of operative fact" test for supplemental jurisdiction and therefore "compulsory counterclaims automatically meet the requirements of Section 1367(a)"); *see also generally Absolute Activist Master Value Fund, Ltd. v. Ewing*, No. 09-CV-8862 (GBD), 2014 WL 3600409, at *3 (S.D.N.Y. July 11, 2014) (noting that compulsory counterclaims "necessarily fall within a court's supplemental jurisdiction").

### 2. *PHH Has Standing to Assert the Counterclaim.*

Debtor argues that PHH lacks standing[20] to assert the counterclaim under Article III of the U.S. Constitution "because [PHH] has not alleged, and indeed cannot allege sufficient facts to establish[,] that [its] injury is fairly traceable to [Debtor's] conduct." *See* Cross-Mot. ¶¶ 64-65. In other words, Debtor appears to maintain that PHH failed to demonstrate the requisite "causal connection" under *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

Standing to sue "is a doctrine rooted in the traditional understanding of a case or controversy . . . [and serves to] ensure that federal courts do not exceed their authority as it has been traditionally understood." *See In re Brown*, No. 18-10617-JLG, 2018 WL 4637465, at *3 (Bankr. S.D.N.Y. Sept. 25, 2018). To establish standing under Article III, a plaintiff must show (i) an "injury in fact," (ii) a "causal connection" between the injury and the challenged conduct, and (iii) a likelihood that the injury will be "redressed by a favorable decision." *See id.* (citing *Lujan*, 504 U.S. at 560-61).

The Court concludes that PHH has satisfied the requirements for Article III standing. PHH has satisfied the first and third prongs, alleging to have suffered "injury in fact"—*i.e.*, falsified documents were filed in connection with an assignment and satisfaction of mortgage

---

To the extent there is a question as to whether bankruptcy courts may exercise supplemental jurisdiction, the Second Circuit has resolved this question in the affirmative. *See In re Lionel Corp.*, 29 F.3d 88, 92 (2d Cir. 1994); *see also In re Cavalry Const., Inc.*, 496 B.R. 106, 109, 113-16 (S.D.N.Y. 2013);  *In re Dreier LLP*, No. 08-15051 SMB, 2012 WL 4867376, at *4-5 (Bankr. S.D.N.Y. Oct. 12, 2012).

[20] Debtor also maintains that the counterclaim is not ripe. *See id.* ¶¶ 66-68. PHH's counterclaim is indeed ripe for adjudication. *See generally* July Cross-Mot. Opp. at 17 (noting that Debtor, who commenced this adversary proceeding seeking a determination that she owns the Property free and clear of any encumbrances, "seeks the exact opposite relief in her FAC – a judgment declaring the Mortgage to be satisfied").

Additionally, Debtor insists that "the underlying debt is stale pursuant to the statute of limitation[s] under CPLR [§] 214, and dismissal is inevitable for lack of subject matter jurisdiction." *See* Cross-Mot. ¶ 69. The Court's response to Debtor's statute-of-limitations argument is detailed *supra* Section II and in the Rule 37 Decision.

that never occurred, and payment obligations in connection with the note and mortgage on the Property thus remain due and owing—and a likelihood that the injury will be redressed by a favorable decision. [*See* Dkt. No. 99 ¶¶ 85-87, 89-99; *id.* ¶¶ 70, 136; *see also* July Cross-Mot. Opp. at 17.]

With respect to the second prong, it is well-established that "the causal-connection element of Article III standing . . . does not create an onerous standard." *See generally Ateres Bais Yaakov Acad. of Rockland v. Town of Clarkstown*, 88 F.4th 344, 352–53 (2d Cir. 2023). Indeed, it "requires no more than de facto causality, a standard that is, of course, lower than for proximate causation." *Id.*; *see also Haynes v. TransUnion, LLC*, No. CV197157JSARL, 2021 WL 2179346, at *7 (E.D.N.Y. Feb. 4, 2021), *report and recommendation adopted*, No. 19-CV-7157(JS)(ARL), 2021 WL 3185581 (E.D.N.Y. July 28, 2021) ("The traceability requirement for Article III standing means that the plaintiff must demonstrate a causal nexus between the defendant's conduct and the injury, and such a relationship can either be direct or indirect. . . .  Causation, or traceability, in the context of standing is not the same as proximate causation from tort law, and the Supreme Court has cautioned against wrongly equat[ing] ... injury 'fairly traceable' to the defendant with injury as to which the defendant's actions are the very last step in the chain of causation."). PHH easily satisfies this standard, as PHH includes ample allegations connecting Debtor to the injury: PHH alleges that Debtor, who claims an interest in the Property adverse to PHH,[21] was involved in a broad scheme to fabricate false assignments of mortgage in connection with a number of properties, including the Property at issue. [*See* Dkt. No. 99 ¶¶ 100-23.]

---

[21] As discussed *infra* note 25, Debtor did not respond to the allegations in paragraph 75 of the counterclaim pertaining to Debtor's adverse interest in the Property. [*See* Dkt. No. 99 ¶ 75; *see generally* Dkt. No. 109.] This constitutes an admission under Rule 8(b)(6). *See infra* n.25.

### C. Because Debtor Has Already Answered the Counterclaim, Debtor Cannot Move for Dismissal Pursuant to Rule 12(b)(6).

Additionally, Debtor maintains that the counterclaim "contains vague and conclusory allegation[s], lacking in a factual basis" and therefore seeks dismissal thereof under Rule 12(b)(6). *See* Cross-Mot. ¶ 115.

Debtor's request for dismissal pursuant to Rule 12(b)(6) is improper. On November 18, 2021, Debtor answered the counterclaim. [Dkt. No. 109.] On August 16, 2023—one year and nine months *after* filing the answer—Debtor filed the Renewed Cross-Motion wherein Debtor requests dismissal of the counterclaim pursuant to Rule 12(b)(6).

Rule 12(b) provides that "[a] motion asserting any of [the defenses enumerated in subsections (b)(1) through (b)(7)] *must be made before pleading if a responsive pleading is allowed*." Fed. R. Civ. P. 12(b) (emphasis added). It is well-established that "[u]nder the unambiguous, mandatory language of Rule 12(b), a motion to dismiss for failure to state a claim must be made *before* an answer is filed." *See Sarikaputar v. Veratip Corp.*, No. 19-CV-11168 (ALC), 2021 WL 3914064, at *2 (S.D.N.Y. Aug. 31, 2021) (emphasis added); *Doe v. Bedford Cent. Sch. Dist.*, No. 18-CV-11797 (PMH), 2022 WL 20508609, at *1 (S.D.N.Y. Oct. 7, 2022) (noting that a Rule 12(b)(6) "cannot be made after an answer is filed"); *In re Ne. Indus. Dev. Corp.*, 513 B.R. 825, 839 (Bankr. S.D.N.Y. 2014), *adopted*, No. 14-CV-7056 NSR, 2015 WL 3776390 (S.D.N.Y. June 16, 2015) (observing that request for dismissal under Rule 12(b)(6) was untimely where defendants filed answer before filing motion to dismiss).

The Court identified this issue at the August 1 Hearing in connection with Debtor's previously filed July Cross-Motion. *See* Aug. 1 Hear'g Tr. at 13:18-22 (wherein the Court addressed Debtor's request to dismiss the counterclaim asserted against her in the July Cross-Motion and accompanying materials and noted, "***Ms. Doresca, you have already answered the counterclaim***") (emphasis added). Debtor ignored the Court's admonition

that a Rule 12(b)(6) motion would be procedurally improper at this juncture, reprising her request for dismissal in the Renewed Cross-Motion filed several weeks later. *See generally* Cross-Mot. ¶¶ 97-115. The Court revisited this issue at the September 20 Hearing:

> So you now -- again, you can come to the podium, and you can speak to your cross motion and the issues that you have presented to the Court. And in doing so, also remember another item that I mentioned moments ago, and that is Rule 12(b) -- for example, the Rule 12(b)(6) motion, which is a motion to dismiss for failure to state a claim upon which relief may be granted -- **that's a pre-answer motion that gets filed**. And when we vacated the default -- because you didn't timely respond to the counterclaim, when we vacated that default and now permitted you time to respond to the counterclaim, you didn't move to dismiss the counterclaim. **You filed an answer to the counterclaim. And in your answer, you admitted some allegations. You denied some allegations, whether that denial was an outright denial or a denial upon -- a denial of knowledge or information sufficient to form a belief with respect to the allegations. And now you have come to the Court, and you want to now dismiss the counterclaim under 12(b)(6), and as I noted, 12(b)(6) is a pre -- a pre-answer pleading**.

*See* Sept. 20 Hear'g Tr. at 55:9-56:2 (emphasis added); *see also id.* at 9:2-11 (wherein the Court noted that "Ms. Doresca made the strategic decision to answer the counterclaim. She didn't file any motion seeking to dismiss the counterclaim. She answered the counterclaim."); *id.* at 49:15-22 (wherein the Court noted that "a 12(b)(6) motion, Ms. Doresca, is a pre-answer motion. It's a pre-pleading motion[.]").

This Court has repeatedly made clear that, by answering, Debtor waived her right to seek dismissal of the counterclaim pursuant to Rule 12(b)(6). *See generally Brojer v. George*, No. 11-CV-3156 JS WDW, 2013 WL 1833246, at *2 (E.D.N.Y. May 1, 2013); *Conkling v. Brookhaven Sci. Assocs., LLC*, No. 10-CV-4164 JS WDW, 2012 WL 2160439, at *2 (E.D.N.Y. June 12, 2012).

**D. Even if the Court Construes Debtor's Request for Dismissal Under Rule 12(b)(6) as a Request for Judgment on the Pleadings Under Rule 12(c), the Counterclaim Was Adequately Pled.**

### 1. *Legal Standard*

The Second Circuit has recognized that Rule 12(b)(6) motions made after the close of the pleadings "should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)." *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) ("We now accept the overwhelming weight of authority that a motion to dismiss for failure to state a claim . . . that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)."); *Liang v. City of New York*, No. 10-CV-3089 ENV VVP, 2014 WL 4966074, at *2 (E.D.N.Y. Oct. 3, 2014), *aff'd sub nom. Liang v. Zee*, 764 F. App'x 103 (2d Cir. 2019) (citing *Patel*); *Brojer*, 2013 WL 1833246, at *2 (citing *Patel*); *see also Sarikaputar*, 2021 WL 3914064, at *2 (recognizing that the "proper vehicle for challenging a complaint after an answer has been filed is a motion for judgment on the pleadings, as permitted by Rules 12(c) and 12(h)(2)").[22]

Debtor failed to cite Rule 12(c) in the Renewed Cross-Motion. However, even if the Court were to construe the First Request for Relief as citing Rule 12(c)[23], Debtor would not prevail.

---

[22] Several courts have denied as untimely Rule 12(b)(6) motions that were filed after the moving party answered the complaint. *See, e.g.*, *Sarikaputar*, 2021 WL 3914064, at *2 (noting that Rule 12(b)(6) motion was untimely where filed after defendant answered and denying the motion on that basis); *Grafas v. TSK Franchise Sys., Inc.*, No. 09CV-4914(JS)(AKT), 2010 WL 2301295, at *1 (E.D.N.Y. June 2, 2010) (same).

[23] At the September 20 Hearing, the Court noted that it has the power to construe an untimely Rule 12(b)(6) motion as a Rule 12(c) motion. *See* Sept. 20 Hear'g Tr. at 56:2-5 ("However, the Court does have the power to convert . . . a post-answer 12(b)(6) motion to a 12(c) motion, judgment on the pleadings.").

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial[24]—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim. *See Patel*, 259 F.3d at 126; Sept. 20 Hear'g Tr. at 56:6-12. "To survive a Rule 12(c) motion, [the plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021); *see also Gelicity UK Ltd. v. Jell-E-Bath, Inc.*, No. 10 CIV. 5677 ILG RLM, 2013 WL 3315398, at *2 (E.D.N.Y. July 1, 2013). "The assessment of whether a complaint's factual allegations plausibly give rise to an entitlement to relief . . . calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal conduct." *See Lively*, 6 F.4th at 301

---

[24] When a Rule 12(c) motion "has no effect on the trial schedule, it need not be barred as untimely." *See generally City of Almaty, Kaz. v. Ablyazov*, No. 15-CV-5345, 2019 WL 1430155, at *3 (S.D.N.Y. Mar. 29, 2019). Consistent with this principle, several courts have determined that a Rule 12(c) motion did not interfere with trial—and was therefore not "untimely"—where no trial date had yet been set at the time of filing. *See, e.g., CVR Energy, Inc. v. Wachtell, Lipton, Rosen, & Katz*, 830 F. App'x 330, 333 n.2 (2d Cir. 2020); *Vail v. City of New York*, 68 F. Supp. 3d 412, 422–23 (S.D.N.Y. 2014); *Bey v. City of New York*, No. 99–CV–3873, 2010 WL 3910231, at *3 (S.D.N.Y. Sept. 21, 2010).

While trial in this adversary proceeding has not yet been scheduled, the Court notes that Debtor had an extensive period in which to challenge PHH's counterclaim, which was filed on October 21, 2021. Debtor instead waited *a year and nine months after* she already filed an answer to the counterclaim to seek dismissal. *See Horn v. Med. Marijuana, Inc.*, 383 F. Supp. 3d 114, 125 n.7 (W.D.N.Y. 2019), *modified on reconsideration*, No. 15-CV-701-FPG, 2019 WL 11287650 (W.D.N.Y. Nov. 22, 2019) (declining to address untimely Rule 12(c) motion where defendants "had an extensive period in which to challenge Plaintiffs' complaint, but they waited more than one year after the later deadline, when discovery had already been completed, to raise their arguments" and concluding that "consideration of [the] motion would delay trial—even though a trial date has not been set—insofar as it would require further litigation on issues tangential to the merits").

The Court therefore admonishes Debtor's tactics in this litigation, which "smack[] of gamesmanship[.]" *See generally Zap Cellular, Inc. v. Weintraub*, No. 15CV6723PKCVMS, 2022 WL 4325746, at *10 (E.D.N.Y. Sept. 19, 2022) (where defendants—at pretrial conference to set trial dates, held after years of discovery and motion practice—informed the court of their desire to file a Rule 12(c) motion for lack of subject matter jurisdiction); *see also ADYB Engineered For Life, Inc. v. Edan Admin. Servs. Ltd.*, No. 1:19-CV-7800-MKV, 2022 WL 912127, at *9 (S.D.N.Y. Mar. 28, 2022) (denying parties' request for leave to move to dismiss breach of contract claim or, alternatively, to amend their amended answer, where parties already filed an answer, the contemplated motion would be treated as Rule 12(c) motion, and parties already represented that discovery was complete two months prior).

(internal citations omitted). "[J]udgment on the pleadings is not appropriate if there are issues of fact which if proved would defeat recovery, even if the trial court is convinced that the party opposing the motion is unlikely to prevail at trial." *See id.* (internal citations omitted). Thus, where a "question [of fact] is in dispute, it [is] improper for the district court to answer it on a motion for dismissal on the pleadings." *See id.*

PHH asserted a counterclaim to quiet title pursuant to N.Y. R.P.A.P.L. art. 15. The Southern District has summarized the pleading requirements of N.Y. R.P.A.P.L. art. 15 as follows:

> RPAPL Article 15 requires a complainant to adequately describe the property and to allege: (i) the nature of the plaintiff's interest in the real property and the source of this interest; (ii) that the defendant claims or appears to claim an interest in the property adverse to the plaintiff's interest, and the nature of the defendant's interest; (iii) whether any defendant is known or unknown and whether any defendant is incompetent; and (iv) whether all interested parties are named and whether the judgment will or might affect other persons not ascertained at the commencement of the action.

*See Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 419 (S.D.N.Y. 2010) (citing N.Y. R.P.A.P.L. § 1515); *see also In re Stephens*, No. 21-42857-JMM, 2023 WL 2636396, at *9 (Bankr. E.D.N.Y. Mar. 23, 2023) (same); *Nagessar v. Ne. All. Mortg. Banking Corp.*, No. 18-CV-6709(KAM)(RER), 2022 WL 3139098, at *4 (E.D.N.Y. Aug. 5, 2022) (same). "Essential to the maintenance of an action to determine a claim to real property is that the complaint state a claim, by the defendant, of an estate or interest in the real property, adverse to that of the plaintiff." *See Barberan*, 706 F. Supp. 2d at 419 (internal citations omitted).

## 2. Analysis

The Court concludes that PHH has adequately pled all four elements of N.Y. R.P.A.P.L. art. 15. *See* July Cross-Mot. Opp. at 18-20. As to the first element, PHH includes allegations concerning its interest in the Property: the Mortgage was assigned by MERS, as nominee for IndyMac, to OneWest Bank, FSB, and from OneWest to Ocwen, and that PHH

is the current holder of the original Note and Mortgage on the Property. [Dkt. No. 99 ¶¶ 71, 81-87.] PHH further alleges that, as of the date of the pleading, its counsel, Blank Rome, LLP, was in physical possession of the original Note and Mortgage as bailee for PHH, and the payment obligations due and owing under the Note and Mortgage remained unsatisfied. [*Id.* ¶¶ 86-87.][25]

As to the second element, PHH alleges that Debtor claims an interest adverse to its interest in the Property: Debtor claims to be the current owner of the Property, having allegedly obtained title from the Borrower pursuant to a default judgment entered by the Nassau County Supreme Court. [*Id.* ¶ 88.] PHH also alleges that the purported assignment and satisfaction of the mortgage—critical to Debtor's claims regarding her interest in the Property, which she purports to own "free and clear"—were "falsified, fraudulent, fabricated, and/or forged." [*Id.* ¶¶ 89-99.]

Furthermore, PHH includes allegations as to the third and fourth elements of N.Y. R.P.A.P.L. art. 15. [*Id.* ¶¶ 76-78.] Therefore, PHH has satisfied the pleading requirements[26]

---

[25] The Court notes that Debtor did not respond to the allegations in paragraphs 69-87 of the counterclaim. [*See generally* Dkt. No. 109.] This constitutes an admission as to all allegations in these paragraphs under Rule 8(b)(6). *See In re Ideal Mortg. Bankers, Ltd.*, 539 B.R. 213, 219 n.8 (Bankr. E.D.N.Y. 2015) (citing Fed. R. Civ. P. 8(b)(6), made applicable to adversary proceedings by Bankruptcy Rule 7008, as providing that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied").

[26] Debtor's arguments regarding PHH's purported failure to meet the particularity requirements of Rule 9(b) are meritless. *See* Cross-Mot. ¶¶ 51-57; Fed. R. Civ. P. 9 ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). The Court concludes that, to the extent Rule 9(b) is applicable, the counterclaim sets forth with particularity the circumstances constituting the alleged fraud pertaining to the assignment and satisfaction of mortgage as to provide Debtor with notice thereof. *See generally In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2023 WL 6798626, at *9 (Bankr. S.D.N.Y. Oct. 13, 2023) (citing *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991)); *see also* July Cross-Mot. Opp. at 19-20; [Dkt. No. 99 ¶¶ 89-123, 128-35.]

and Debtor's request for dismissal of the counterclaim under Rule12(b)(6), even if construed by this Court as a request pursuant to Rule 12(c), is denied.

## II.    SECOND REQUEST FOR RELIEF

Debtor's Second Request for Relief is premised on her statute-of-limitations argument. Debtor seeks to cancel and discharge the mortgage on the Property pursuant to N.Y. R.P.A.P.L. § 1501(4), which provides as follows:

> **Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage**, or to enforce a vendor's lien, **has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons**, known or unknown, including one under disability as hereinafter specified, **to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom**[.]

N.Y. R.P.A.P.L. § 1501(4); Cross-Mot. ¶ 70. Debtor argues that an action to foreclose a mortgage is subject to a six-year statute of limitations, which she asserts began to run on December 4, 2008, and terminated on December 4, 2014.[27] *See* Cross-Mot. ¶¶ 71, 86-87; *see also* July Cross-Mot. Opp. 20-23; Supp. Cross-Mot. Opp. at 4-12.

For the reasons discussed *supra* Section I.A., the Second Request for Relief is procedurally improper. This request for relief cannot be made in a cross-motion filed in response to Defendants' motion seeking discovery sanctions. *See generally* CROSS-MOTION, Black's Law Dictionary (11th ed. 2019); *see also* Rule 37 Decision 16-21. As set forth in the Rule 37 Decision, the Court continues to reserve its ruling on the statute-of-limitations issue until after trial. *See* Rule 37 Decision at 21; *see also supra* note 10.

---

[27] As set forth in the Rule 37 Decision, Debtor alleges that IndyMac Bank sent the original borrower, Carla Desrouilleres, the following: 1) a notice of default, titled "ACCELERATION WARNING (NOTICE OF INTENT TO FORECLOSE)," on November 1, 2008 (the "November 1 Notice"), and 2) a letter titled "Acceleration of Mortgage" on December 4, 2008 (the "December 4 Notice"). *See* Rule 37 Decision at 18.

III.    **THIRD REQUEST FOR RELIEF**

Debtor's Third Request for Relief concerns the March 24 Order denying Debtor's motion for leave to file a second amended complaint in this adversary proceeding.

On December 30, 2021, Debtor sought leave to file a second amended complaint under Federal Rule of Civil Procedure 15(a)(2), made applicable to this adversary proceeding by Bankruptcy Rule 7015, to add a claim that she is both a bona fide purchaser for value and a bona fide encumbrancer and thus owns the Property free and clear of any mortgage asserted by Defendants. [*See* Dkt. Nos. 119; *see also* Dkt. Nos. 124, 126.] Defendants opposed Debtor's motion to amend on multiple grounds, including futility, undue delay, and prejudice. [Dkt. No. 125.]

In the March 24 Order, the Court denied Debtor's motion to amend, concluding as follows: 1) granting leave to amend to include the bona fide purchaser claim would be futile, because Debtor could not satisfy the notice requirement (March 24 Order at 9-11); 2) granting leave to amend to include the bona fide encumbrancer claim would be futile, because Debtor failed to allege that she encumbered the Property (*id.* at 11-12); 3) Debtor's lengthy delay in seeking to amend and failure to include the claims in both the original complaint and the First Amended Complaint weighed against allowing Debtor to file a second amended complaint (*id.* at 12-13); and 4) Defendants would suffer prejudice if Debtor were permitted to amend the complaint (*id.* at 13-14).

In the Renewed Cross-Motion, Debtor seeks relief from the March 24 Order pursuant to Rule 60(b).[28] For the reasons set forth below, the Third Request for Relief is denied.

---

[28] Throughout the Renewed Cross-Motion and supporting papers, Debtor repeatedly references relief pursuant to Rule 60(b)(1)-(5) or (6). *See* Cross-Mot. at 10-11; *see also id.* ¶¶ 138, 142. However, Debtor only address Rule 60(b)(1) and Rule 60(b)(6) in substance. *See id.* ¶¶ 23-25; *see also* Sept. 20 Hear'g Tr. at 22:16-23). The Court will therefore address Debtor's arguments pursuant to Rule 60(b)(1) and 60(b)(6) only.

### A. Debtor's Third Request for Relief Is Made in a Procedurally Improper Cross-Motion and Should Be Denied.

For the reasons discussed *supra* Section I.A., the Third Request for Relief is procedurally improper. Debtor's request for relief from the March 24 Order, which denied Debtor leave to amend the First Amended Complaint, cannot be made in a cross-motion filed in response to Defendants' motion seeking discovery sanctions. *See generally* CROSS-MOTION, Black's Law Dictionary (11th ed. 2019).

### B. Debtor's Request Pursuant to Rule 60(b)(1) Is Untimely.

Rule 60(b)(1) motions must be made "within a reasonable time" and no more than a year[29] after the entry of the judgment or order at issue. *See* Fed. R. Civ. P. 60(c). Courts in the Second Circuit have held that a "reasonable time" for a Rule 60(b)(1) motion based on judicial error "should be no greater than the time allowed to file an appeal." *See, e.g.*, *In re Shen*, 501 B.R. 216, 221 (Bankr. S.D.N.Y. 2013) ("Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment. . . . Thus, [t]o prevent Rule 60(b)(1) from being used to circumvent the time limitations for an appeal, the Second Circuit has determined that when a 60(b)(1) motion concerns a court's own substantive error, such motion 'may not be made after the time for appeal has elapsed.'") (internal citations omitted); *Morris v. Alle Processing Corp.*, No. 08-CV-4874 (JMA), 2013 WL 12363063, at *3 (E.D.N.Y. Oct. 22, 2013) ("While Rule 60(c)(1) provides a motion for Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order, courts in the Second Circuit require that motions for relief from such judicial mistakes pursuant to Rule 60(b)(1) must be made before the time for appeal expires.") (internal citations omitted); *In re Old Carco LLC*, 423 B.R. 40, 47 (Bankr. S.D.N.Y. 2010),

---

[29] Bankruptcy Rule 9024 provides an exception to the one-year limitation in Federal Rule 60(c). This exception does not apply here. *See generally* Fed. R. Bankr. P. 9024.

*aff'd*, No. 10 CIV.2493 (AKH), 2010 WL 3566908 (S.D.N.Y. Sept. 14, 2010), *aff'd sub nom.*

*Mauro Motors Inc. v. Old Carco LLC*, 420 F. App'x 89 (2d Cir. 2011) ("A 'reasonable time' for

a motion under Rule 60(b) for judicial error should be no greater than the time allowed to file

an appeal.") (citing 11 C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure, § 2858

at (2d ed. 2009)).

Under Federal Rule of Bankruptcy Procedure 8002(a)(1), Debtor had fourteen days to

file a notice of appeal in connection with the March 24 Order. *See* Fed. R. Bankr. P. 8002(a)(1).

Therefore, the deadline to appeal was April 7, 2023. Debtor did not file a timely appeal of the

March 24 Order. Debtor filed the Renewed Cross-Motion, wherein she requests relief from

the March 24 Order on the grounds of judicial mistake pursuant to Rule 60(b)(1), on August

16, 2023—more than four months after the time to appeal expired. As such, Debtor's request

is untimely.

### C. Even if the Court Considers Debtor's Third Request for Relief, Debtor Fails to Satisfy the Rule 60(b) Standard.

"Federal Rule of Civil Procedure 60(b) governs motions for relief from a final judgment

or order and provides six independent grounds for relief." *See Bell v. Deutsche Bank, Indymac*

*2006-AR27*, No. 18CV01593JMAAYS, 2021 WL 4480549, at *2 (E.D.N.Y. Sept. 30, 2021). The

Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be

granted "only upon a showing of exceptional circumstances." *See id.* "The decision whether

to grant a party's Rule 60(b) motion is committed to the sound discretion of the district

court[.]" *See id.* Moreover, such a motion "may not be used as a substitute for appeal." *See*

*id.*

Courts have cautioned that "[a]ll Rule 60(b) motions are 'disfavored'" in the Second

Circuit. *See, e.g.*, *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, No. 18CV4203AMDVMS, 2023 WL

8283656, at *3 (E.D.N.Y. Nov. 30, 2023); *In re Iconix Brand Grp., Inc.*, No. 15 CIV. 4860

(PGG), 2021 WL 4225997, at *2 (S.D.N.Y. Sept. 16, 2021) (observing that, "[a]lthough Rule 60(b) motions are committed to the sound discretion of the district court . . . [r]elief under Rule 60(b) is disfavored because it disrupts the finality of judgments") (internal citations omitted); *Rivera v. Fed. Bureau of Prisons*, No. 08 CIV. 5590 SAS, 2013 WL 5052153, at *2 (S.D.N.Y. Sept. 12, 2013) (observing that "motions for relief from judgment under Rule 60(b) are generally disfavored in the Second Circuit")

Importantly, "[a] pro se litigant is not excused from Rule 60(b)'s demanding requirements." *See Williams v. City Univ. of New York*, No. 10CV2127CBALB, 2014 WL 11462808, at *1 (E.D.N.Y. Jan. 22, 2014), *aff'd sub nom. Williams v. City Univ. of N.Y.*, 590 F. App'x 84 (2d Cir. 2015). Courts have recognized that "pro se litigants are not . . . excused from the requirement that they produce 'highly convincing' evidence to support a Rule 60(b) motion." *See Rivera*, 2013 WL 5052153, at *2; *see also Rowe v. Cenlar FSB*, No. 19CV07278JMAAYS, 2022 WL 3682302, at *3 (E.D.N.Y. Aug. 25, 2022), *aff'd*, No. 22-1870, 2023 WL 6873092 (2d Cir. Oct. 18, 2023) (same). Thus, "[t]he heavy burden for securing relief from final judgments applies to *pro se* litigants as well as those represented by counsel." *See Rivera*, 2013 WL 5052153, at *2.

### 1. *The March 24 Order Is Not a "Final" Judgment or Order for Purposes of Rule 60(b).*

By its express terms, Rule 60(b) applies only to "final" judgments or orders. *See Wyche v. Advanced Drainage Sys., Inc.*, 332 F.R.D. 109, 112 (S.D.N.Y. 2019); *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15CV3549ADSAKT, 2017 WL 59085, at *2 (E.D.N.Y. Jan. 4, 2017) (citing *In re Palermo*, No. 08-cv-7421, 2011 WL 446209 (S.D.N.Y. Feb. 7, 2011)); *Gibson v. Comm'r of Mental Health*, No. 04CIV4350(SAS), 2009 WL 331258, at *2 (S.D.N.Y. Feb. 11, 2009). The standard test for whether a judgment is "final" for purposes of Rule 60(b) is "whether the judgment is sufficiently 'final' to be appealed." *See Datiz*, 2017 WL 59085, at *2 (citing *In re*

*Palermo*); *Wyche*, 332 F.R.D. at 112 ("The prevailing rule in this Circuit and elsewhere is that an order is final for purposes of Rule 60(b) when it is appealable.") (internal citations omitted). A judgment is final such that it may be appealed if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *See Datiz*, 2017 WL 59085, at *2 (citing *In re Palermo*); *Wyche*, 332 F.R.D. at 112 ("For the purposes of appealability, [a] final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision.") (internal citations omitted); *see also JLM Couture, Inc. v. Gutman*, No. 20 CV 10575-LTS-SLC, 2023 WL 3061924, at *1 (S.D.N.Y. Apr. 24, 2023) (observing that Rule 60(b) was inapplicable where judgment at issue was "nonfinal, as it did not dispose of any of the pending claims in this litigation on the merits"); *Gibson*, 2009 WL 331258, at *2 (concluding that Rule 60(b) was inapplicable where order at issue was interlocutory, not final, and noting that Rule 60(b) "does not apply to judgments and orders that do not resolve all of the claims of all of the parties").

Several courts have recognized that orders denying leave to amend a complaint are not "final" for purposes of Rule 60(b). *See, e.g.*, *Reyes Orellana v. Macy's Retail Holdings, Inc.*, No. 17 CIV. 5192 (NRB), 2019 WL 6334925, at *1 n.2 (S.D.N.Y. Oct. 22, 2019) (observing that order granting in part and denying in part plaintiffs' motion for leave to amend first amended complaint "was not a final order" for purposes of Rule 60(b)); *Cordillo v. Sos*, No. 90 CIV. 9 (WCC), 1992 WL 36136, at *1 (S.D.N.Y. Feb. 18, 1992) (concluding, where defendants moved for an order pursuant to Rule 60(b) vacating an order granting plaintiff's request for leave to serve an amended complaint, that Rule 60(b) was "not an appropriate basis for relief" because Rule 60(b) "only applies to a final judgment, order or proceeding"); *see also Rucano v. Venettozzi*, No. 918CV0218GTSCFH, 2019 WL 6317315, at *1 n.1 (N.D.N.Y. Nov. 26, 2019)

(observing that, "[p]arenthetically, Rule 60 of the Federal Rules of Civil Procedure does not apply in this case because the September Order, which denied plaintiff's request for leave to file a second amended complaint, is not a final one").

The March 24 Order denied Debtor's request for leave to file a second amended complaint and was therefore not "final" for purposes of Rule 60(b). As such, Rule 60(b) is not an appropriate avenue for relief.

> **2.  *Debtor Has Failed to Demonstrate Entitlement to Relief from the Order on the Grounds of "Mistake" under Rule 60(b)(1).***

> **a.  *Legal Standard***

Rule 60(b)(1) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see also Thatcher v. Lamanna*, No. 1:17-CV-04540 (ALC), 2020 WL 1047087, at *2 (S.D.N.Y. Mar. 4, 2020) ("Under Federal Rule Civil of Procedure 60(b)(1), a party may seek relief from a district court's order of judgment for 'mistake, inadvertence, surprise, or excusable neglect.'"). To prevail on a Rule 60(b)(1) motion based on mistake, the moving party must establish the court made a "material mistake that changed the outcome of the [C]ourt's judgment." *See Thatcher*, 2020 WL 1047087, at *2. Where a party alleges the court made a mistake, relief may be provided in instances of both legal errors and factual errors. *See id.*; *Rowe*, 2022 WL 3682302, at *3 ("Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when the judge has made a substantive mistake of law or fact in the final judgment or order.") (internal citations omitted).

While "[t]he Second Circuit has consistently held that Rule 60(b)(1) is available for a district court to correct its own legal errors[,]" a party's "'mere disagreement' with resolution of legal and factual issues does not amount to an 'exceptional circumstance' that warrants

Rule 60(b)(1) relief." *See Bell*, 2021 WL 4480549, at *4 (internal citations omitted). Additionally, Rule 60(b)(1), "will not provide a movant an additional opportunity to make arguments or attempt to win a point already 'carefully analyzed and justifiably disposed.'" *Id.* (internal citations omitted).

### b. *Analysis*

Citing Rule 60(b)(1), Debtor takes the position that the March 24 Order is premised on legal error. In doing so, Debtor cobbles together numerous purported "mistakes" that instead reflect Debtor's fundamental misunderstanding of settled case law. *See generally* Cross-Mot. ¶¶ 23-88.

The Court concludes that Debtor has failed to identify a single legal error in the March 24 Order that would warrant granting relief under Rule 60(b)(1). Rather, Debtor's pleadings lay bare that the Renewed Cross-Motion serves merely as a vehicle for reprising arguments that were already carefully considered—and rejected—by this Court. This is a patently impermissible use of Rule 60(b). *See Weaver v. IndyMac Fed. Bank, FSB*, No. 09 CIV. 5091 (LAP), 2019 WL 6173789, at *1 (S.D.N.Y. Nov. 20, 2019) (rejecting arguments about "material errors" in court order as "nothing more than thinly veiled attempts to relitigate issues already resolved in a thorough, carefully reasoned, 36-page opinion" and concluding that this "is not a valid basis for Rule 60(b)(1) relief") (internal citations and quotations omitted); *see also Marquez v. Hoffman*, No. 18-CV-7315 (ALC), 2021 WL 6133972, at *1 (S.D.N.Y. Dec. 29, 2021) (noting that motions for reconsideration are "not simply an opportunity for the moving party to . . . take a second bite at the apple") (internal citation omitted).

As discussed *supra*, Debtor sought to add a claim that she is a bona fide purchaser and/or encumbrancer and thus acquired the Property free and clear of the Mortgage held by Ocwen. In the March 24 Order, the Court cited applicable authority concerning bona fide

purchaser status under New York law. *See* March 24 Order at 9 (citing *O'Connell v. JPMorgan Chase Bank Nat. Ass'n*, No. 12-CV-1951 (ENV), 2012 WL 6151972, at *2 (E.D.N.Y. Dec. 11, 2012)). The Court then provided a clear explanation of the notice issue, citing applicable case law providing that "a person will not acquire bona fide purchaser status if, at the time of the purchase, he or she had actual or inquiry notice of 'the existence of some right, or some title, in conflict with[30] that he [or she] is about to acquire.'" *See* March 24 Order at 9 (citing *U.S. Bank Nat'l Ass'n v. Jordan*, 176 A.D.3d 1523, 1524 (3d Dep't 2019)). The Court further explained that "notice of a mortgage interest can be effectuated by recording the mortgage in accordance with the applicable recording statute." *See id.* at 9-10 (citing *O'Connell*, 2012 WL 6151972, at *3–4). The Court correctly concluded that Debtor could not obtain bona fide purchaser status[31], as Debtor claimed that her ownership interest in the Property was perfected on August 2, 2013, and Debtor did not dispute—nor does she now dispute in the Renewed Cross-Motion—that the mortgage had been recorded over *six years prior* on May 1, 2007. *Id.* at 10-11.

The Court also cited applicable law concerning bona fide encumbrancer status. *See id.* at 11 (citing N.Y. Real Prop. Law § 265-a; *Miller-Francis v. Smith-Jackson*, 113 A.D.3d 28, 34 (1st Dep't 2013)). The Court explained that Debtor failed to allege a critical element: that Debtor encumbered the Property. *Id.* at 11-12. Indeed, the Court highlighted that Debtor has repeatedly represented to the contrary: that she *satisfied* the mortgage that encumbered the

---

[30] Debtor argues that the Court "did not state how the recorded mortgage of May 1, 2007, which was subsequently assigned to [N City] . . . was in conflict with the property Plaintiff was purchasing at that time." *See* Cross-Mot. ¶¶ 27-29. The recorded mortgage was clearly "in conflict" with the right that Debtor purports to have acquired in this litigation: ownership of the Property "free and clear" of *any* encumbrances.

[31] Debtor represents that she "paid a consideration amount of $400,000" (*see* Cross-Mot. ¶ 119). This amount was paid purportedly in satisfaction of the mortgage on the Property (*see* FAC ¶¶ 23-25, Ex. J; *see also* PSAC ¶ 34, Ex. M). The Court notes that Debtor's representation is logically inconsistent with her insistence that she took the Property free and clear of any encumbrances.

Property. *Id.* at 12. Therefore, the Court correctly concluded that amending the complaint to add a claim that Debtor is a bona fide encumbrancer would be futile.

After reviewing Debtor's arguments, the Court concludes that Debtor has not identified any cognizable error in its interpretation of case law cited in the March 24 Opinion. Dissatisfaction with a judgment does not sufficiently justify an allegation of mistake under Rule 60(b)(1). *See Hamilton v. Lee*, 188 F. Supp. 3d 221, 238 (E.D.N.Y. 2016). Courts should not "reconsider issues already examined simply because [a movant] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources." *Id.* The Court declines to do this here.[32]

### 3. *Debtor Cannot Invoke Rule 60(b)(6) Because Her Requested Relief Is Premised on "Mistake" Under Rule 60(b)(1).*

#### a. *Legal Standard*

Rule 60(b)(6) allows a court to grant relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is "properly invoked only when there are extraordinary circumstances justifying relief or when the judgment may work an extreme and undue hardship." *See generally 53rd St.*, 2023 WL 8283656, at *3 (internal citations omitted). The party seeking relief has the burden to prove extraordinary circumstances. *Id.*

It is well-established that "Rule 60(b)(1) and Rule 60(b)(6) are 'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for

---

[32] Should Debtor continue to raise arguments that have been thoroughly addressed and rejected by this Court on numerous occasions, this Court will enter an order to show cause as to why a filing injunction should not be imposed against her in this adversary proceeding. *See generally Wahab v. Estee Lauder Companies, Inc.*, No. 18CV03732JMAAKT, 2019 WL 1033856, at *1 (E.D.N.Y. Mar. 5, 2019) ("A district court has authority to issue a filing injunction when a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings. . . . However, it is the [t]he unequivocal rule in this Circuit ... that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.") (internal citations and quotations omitted).

relief under the latter.'" *See Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023). Thus, "[w]here a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *See id.*; *In re Old Carco LLC*, 621 B.R. 303, 312–13 (Bankr. S.D.N.Y. 2020) (concluding that, where motion was "based on the mistaken overbreadth" of court order, movant was "limited to Rule 60(b)(1), [could not] rely on Rule 60(b)(6), and relief under Rule 60(b)(1) [was] time-barred").

### b. *Analysis*

As discussed *supra* and noted on the record at the September 20 Hearing, Debtor's—albeit meritless—arguments are premised on the Court's purported legal errors and thus "fall squarely within the ambit of Rule 60(b)(1)." *See Manney v. Intergroove Media GMBH*, No. 10 CV 4493 SJF WDW, 2014 WL 1224171, at *7 (E.D.N.Y. Mar. 24, 2014); Sept. 20 Hear'g Tr. at 23:-2-6 (wherein the Court explained that Rule "60(b)(6) cannot be used if you're moving for relief under one of the other five subparagraphs of 60(b). It's mutually exclusive, so it appears that your 60(b) argument is a 60(b)(1) argument"). Therefore, "relief under Rule 60(b)(6) is foreclosed." *See Manney*, 2014 WL 1224171, at *7.

### <u>CONCLUSION</u>

For the reasons set forth above, the Court denies the First and Third Requests for Relief and reserves its ruling on the Second Request for Relief. The Fourth Request for Relief, i.e., Debtor's argument that enforcement of a mortgage by Defendants is time-barred, was addressed in the Rule 37 Decision and is reserved for trial.

So Ordered.

**Dated: June 14, 2024**
     **Central Islip, New York**

**Louis A. Scarcella**
**United States Bankruptcy Judge**