UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

Daphnee Doresca,

                       Debtor.
-------------------------------------------------------------------X
Daphnee Doresca,

                    Plaintiff,

       -against-

IndyMac Bank, FSB, OneWest Bank, FSB,
Ocwen Loan Servicing, LLC, et al.,

                  Defendants.
-------------------------------------------------------------------X

Case No. 8-16-75006-las

Chapter 7

Adv. Pro. No. 8-17-08213-las

## MEMORANDUM DECISION AND ORDER ON DEBTOR'S MOTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 59(e) and 60(b)

In this adversary proceeding, plaintiff and debtor Daphnee Doresca ("Debtor"), now appearing *pro se*,[1] asks this Court to determine the validity, priority, or extent of a mortgage lien asserted by defendants PHH Mortgage Corporation ("PHH"), successor by merger with Ocwen Loan Servicing, LLC ("Ocwen") and OneWest Bank, FSB ("One West" and, together with PHH, "Defendants") against the real property located at 199 William Street, Hempstead, New York (the "Property"). *See generally* First Amended Adversary Complaint

---

[1] Debtor was represented by counsel at the time this adversary proceeding was commenced. Debtor terminated that engagement and proceeded *pro se*. Subsequently, at various stages of this adversary proceeding, Debtor hired two other law firms to represent her. Each law firm requested, and was granted leave, to withdraw as counsel.

(the "First Amended Complaint" or "FAC").[2] [Dkt. No. 81.][3] In the First Amended Complaint, Debtor alleged that after she acquired the Property pursuant to a default judgment entered against the original borrower, Carla Desrouilleres, in the Supreme Court of the State of New York, County of Nassau, Ocwen assigned its mortgage to N City Corporate Builders, Inc. ("N City") and Debtor thereafter satisfied the mortgage debt by remitting payment to N City. Debtor further alleged that to the extent it is determined that Defendants hold a mortgage against the Property, Defendants are time-barred under the relevant statute of limitations from seeking to foreclose the mortgage.

For their part, Defendants have contested the validity of the alleged assignment and satisfaction of the mortgage and argue that the applicable statute of limitations has yet to expire. *See generally* Answer and Counterclaim. [Dkt. Nos. 96, 99.] PHH asserted a counterclaim, and Debtor answered the counterclaim. [Dkt. No. 109.] Defendants also filed a third-party action against Debtor and N City seeking a determination as to the parties' respective rights in and to the Property and to expunge both the assignment of mortgage and the subsequent satisfaction of mortgage. The third-party action as against Debtor was dismissed solely on procedural grounds, and N City was joined as an additional party to Defendants' counterclaim. *See Memorandum Decision and Order on Motion to Dismiss Third-*

---

[2] The First Amended Complaint is the operative complaint in this adversary proceeding. [Dkt. No. 81.] Debtor moved for leave to file a second amended complaint (the "Proposed Second Amended Complaint" or "PSAC") [Dkt. Nos. 119, 124, 126], and Defendants opposed Debtor's motion to amend [Dkt. No. 125]. The Court denied Debtor's request in the *Memorandum Decision and Order* dated March 24, 2023 [Dkt. No. 196] (the "March 24 Order").

[3] Unless otherwise stated, all docket references to the adversary proceeding are cited as "[Dkt. No. __]" and all docket references to the related bankruptcy case of the Debtor, Case No. 8-16-75006-las, are cited as "[Bankr. Dkt. No. __]."

*Party Complaint.* [Dkt. No. 211.] After joinder, Corporate Capital Brokers, LLC ("CCB"), successor-in-interest to N City[4], filed an answer to Defendants' counterclaim. [Dkt. No. 213.]

Before the Court is Debtor's motion [Dkt. No. 303] (the "Motion for Reconsideration" or "Mot."[5]), pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, seeking relief from the Court's *Memorandum Decision and Order on Defendants' Rule 37 Motion and Debtor's Renewed Cross-Motion* [Dkt. No. 290] (the "Rule 37 Decision"). The Rule 37 Decision resolved a motion filed by Defendants, pursuant to Rule 37 of the Federal Rules of Civil Procedure, seeking case-terminating sanctions against both Debtor and CCB for failing to perform their obligations under the discovery rules and the discovery scheduling order entered by the Court [Dkt. No. 219] (the "Rule 37 Motion" or "Rule 37 Mot."). The Rule 37 Decision also addressed several of Debtor's arguments in her self-styled cross-motion (the "Renewed Cross-Motion") [Dkt. No. 244], to the extent Debtor maintained that such arguments bore on the resolution of the Rule 37 Motion.[6]

Following careful review of the parties' submissions, the Court denies the Motion for Reconsideration in its entirety for the reasons set forth below.

## **JURISDICTION**

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and the Standing Order of Reference of the United States District Court

---

[4] According to former counsel for N City, CCB is the successor in interest to N City. For ease of reference, the Court refers to the purported assignee of the mortgage as N City.

[5] Citations to "Mot." correspond with paragraphs in the *Affidavit of Plaintiff Daphnee Doresca in Support of Rule 60(b) Motion for Relief from a Judgment or Order* [Dkt. No. 303-1].

[6] On June 14, 2024, the Court issued a decision resolving the remainder of Debtor's Renewed Cross-Motion (the "Renewed Cross-Motion Decision") [Dkt. No. 318].

for the Eastern District of New York, dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.) entered in accordance with 28 U.S.C. § 157(a).

## BACKGROUND[7]

### I.   DEFENDANTS' RULE 37 MOTION AND DEBTOR'S RENEWED CROSS-MOTION

Following a series of discovery disputes[8], on June 23, 2023, Defendants filed the Rule 37 Motion seeking entry of an order: (1) striking and dismissing Debtor's complaint; (2) striking CCB's answer and awarding default judgment against CCB in PHH's favor; and (3) awarding attorneys' fees and costs incurred by Defendants in connection with the failure of Debtor and CCB to respond to Defendants' discovery requests, together with such other and further relief as the Court deems just and proper.

On July 25, 2023, Debtor filed a cross-motion [Dkt. No. 229] (the "July Cross-Motion"), purportedly in response to the Rule 37 Motion, seeking an order: (1) dismissing the causes of action asserted against her in the Third-Party Complaint[9] pursuant to Rules 12(b)(1), 12(b)(6) and 9(b); (2) cancelling and discharging of record the mortgage asserted by Defendants on the Property pursuant to N.Y. R.P.A.P.L § 1501(4); (3) determining that Debtor is a bona fide purchaser for value pursuant to N.Y. R.P.L. § 266;[10] (4) imposing

---

[7] The parties' familiarity with the facts and procedural history is presumed as set forth in prior decisions of the Court. *See* Rule 37 Decision at 1-3, 6-12; Renewed Cross-Motion Decision at 1-4, 5-8; *see also* March 24 Order [Dkt. No. 196]; *Memorandum Decision and Order on Motion to Dismiss Third-Party Complaint*, dated May 16, 2023 [Dkt. No. 211] (the "May 16 Order"). The Court recounts only those facts and procedural history that are pertinent to the disposition of the pending motion.

[8] *See* Rule 37 Decision at 6-10.

[9] The Third-Party Complaint was dismissed as against Debtor solely on procedural grounds two months before she filed the July Cross-Motion. *See* May 16 Order [Dkt. No. 211]. PHH asserted a counterclaim against Debtor in this adversary proceeding [Dkt. No. 99], and Debtor answered the counterclaim [Dkt. No. 109].

[10] The Court denied Debtor's motion for leave to file a second amended complaint to add a claim that she is a bona fide purchaser for value **four months before** Debtor filed the July Cross-Motion. *See generally* March 24 Order [Dkt. No. 196].

sanctions against Andrea Roberts, Esq., Blank Rome LLP, and PHH for a violation of the automatic stay pursuant to § 362(a)(4),(5), § 362(k)(1) and § 105, and expunging the alleged post-petition lien created in favor of PHH on September 24, 2019 and filed on October 27, 2019 by Blank Rome, IndyMac Bank, F.S.B., OneWest, Ocwen, and PHH encumbering the Property; (5) relieving Debtor of the March 24 Order pursuant to Rule 60(a); (6) for sanctions striking PHH's answer to Debtor's First Amended Complaint pursuant to Rule 37; (7) for sanctions expunging post-petition mortgage lien; and (8) awarding such other relief as the Court deems proper. Debtor also opposed the Rule 37 Motion. [Dkt. No. 229.] Defendants filed their reply in support of the Rule 37 Motion and in opposition to the July Cross-Motion on July 28, 2023 (the "July Cross-Motion Opposition" or "July Cross-Mot. Opp."). [Dkt. No. 232]. On July 31, 2023, Debtor filed a memorandum of law in support of the July Cross-Motion, along with an accompanying declaration. [Dkt. Nos. 235, 236].

At a hearing held on August 1, 2023 (the "August 1 Hearing"), the Court advised Debtor that the July Cross-Motion was improper because the relief requested could not be brought as a cross-motion. *See* Aug. 1 Hear'g Tr. at 11:25-12:23; *id.* at 20:3-15. On August 16, 2023, Debtor filed the Renewed Cross-Motion, including arguments and requests for relief substantially similar to those made in the July Cross-Motion. [Dkt. No. 244]. In the Renewed Cross-Motion, Debtor sought an order: (i) dismissing the counterclaim asserted against Debtor pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b)[11] (the "First Request for Relief"); (ii) cancelling and discharging the mortgage on the Property pursuant to N.Y. R.P.A.P.L. § 1501(4) (the "Second Request for Relief"); (iii) relieving Debtor of the

---

[11] Federal Rules of Civil Procedure 12(b) and 9(b) are made applicable to this adversary proceeding by Rules 7009 and 7012(b) of the Federal Rules of Bankruptcy Procedure.

March 24 Order pursuant to Rule 60(b)(1)-(5)[12] (the "Third Request for Relief"); and (iv) denying the Rule 37 Motion as moot, because the statute of limitations precludes the Court from adjudicating this matter (the "Fourth Request for Relief").[13] On September 13, 2023, Defendants timely filed their declaration in opposition to the Renewed Cross-Motion. [Dkt. No. 246]. Debtor filed an untimely declaration and memorandum of law in further support of the Renewed Cross-Motion on September 19, 2023. [Dkt. Nos. 247, 249].

The Court held a hearing on the Rule 37 Motion on September 20, 2023 (the "September 20 Hearing"). On November 17, 2023, counsel for Defendants[14] filed a supplemental memorandum of law in support of the Rule 37 Motion and in opposition to the Renewed Cross-Motion [Dkt. No. 273] (the "Supplemental Cross-Motion Opposition" or "Supp. Cross-Mot. Opp.")[15], along with accompanying Victor Declaration ("Victor Decl.") [Dkt. Nos. 272] and Schulte Declaration ("Schulte Decl.") [Dkt. No. 275]. On December 22, 2023, Debtor filed a supplemental brief in response thereto, along with accompanying materials. [Dkt. Nos. 280-82].

## II.    THE RULE 37 DECISION AND RENEWED CROSS-MOTION DECISION

The Court issued the Rule 37 Decision on April 19, 2024. In the Rule 37 Decision, the Court found that Debtor and CCB failed to comply with their discovery obligations and

---

[12] Federal Rule of Civil Procedure 60(b) is made applicable to this adversary proceeding by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

[13] In addition to her arguments in connection with the First, Second, Third, and Fourth Requests for Relief, Debtor also argues that PHH violated the automatic stay in her bankruptcy case. *See* Cross-Mot. ¶¶ 125-37.

[14] Defendants' prior counsel, Blank Rome LLP, moved to withdraw as counsel of record [Dkt. Nos. 261, 262. That motion was granted by Order dated December 1, 2023. [Dkt. No. 278]. Previously, on October 16, 2023, Defendants' new counsel, Houser LLP, filed a notice of appearance. [Dkt. No. 251]. Houser LLP is now counsel of record for Defendants in the adversary proceeding.

[15] In their Supplemental Cross-Motion Opposition, Defendants incorporate their arguments made in the July Cross-Motion Opposition, in light of Debtor's nearly identical arguments in her July Cross-Motion and Renewed Cross-Motion. *See* Supp. Cross-Mot. Opp. at 4.

exercised its discretion to preclude Debtor and CCB from offering documents in evidence at a hearing or trial in support of their respective claims and defenses that were not produced in discovery. Rule 37 Decision at 4-5, 35-36. Additionally, the Court granted Defendants' request for reasonable attorneys' fees and costs for prosecution of the Rule 37 Motion, the specific amount of which was to be determined after submission of supplemental documents.[16] *Id.* at 5-6, 36.

The Court also responded to several of Debtor's arguments in the Renewed Cross-Motion, to the extent Debtor endeavored to frame such arguments as somehow dispositive of the Rule 37 Motion. With respect to the Fourth Request for Relief in the Renewed Cross-Motion, the Court rejected Debtor's contention that the Rule 37 Motion should be denied as "moot" on statute-of-limitations grounds, ultimately reserving its ruling on the merits of Debtor's statute-of-limitations argument until after the parties have presented arguments and evidence in connection therewith at trial. *See id.* at 16-21.

On June 14, 2024, the Court ruled on Debtor's remaining requests for relief in the Renewed Cross-Motion Decision. The Court denied the First and Third Requests for Relief and reserved its ruling on the Second Request for Relief, which is premised on Debtor's statute-of-limitations argument. *See* Renewed Cross-Motion Decision at 4, 32.

---

[16] On May 3, 2024, the Court entered an order extending the deadlines for supplemental briefing in connection with the amount of attorneys' fees and costs to be awarded. [Dkt. No. 292.] Defendants filed their memorandum of law in connection therewith, along with accompanying materials, on May 17, 2024. [Dkt. Nos. 307, 308, 309.] Debtor did not file a proper response. *See infra* note 17. The Court's ruling on the amount of attorneys' fees and costs to be awarded is forthcoming.

### III.    DEBTOR'S MOTION FOR RECONSIDERATION OF THE RULE 37 DECISION

On May 17, 2024, Debtor filed the Motion for Reconsideration, along with accompanying materials. [Dkt. Nos. 303-06.] In the Motion, Debtor seeks relief from the Rule 37 Decision pursuant to Rule 59(e) and Rule 60(b).

On May 30, 2024, Debtor filed a supplemental memorandum of law purportedly in support of the Motion for Reconsideration.[17] [Dkt. No. 310.] On June 4, 2024, Defendants filed their opposition to the Motion for Reconsideration ("Opp.") [Dkt. No. 313], along with accompanying Victor Declaration [Dkt. Nos 312]. Debtor filed a reply in further support of the Motion for Reconsideration on June 10, 2024. [Dkt. No. 315.]

The Court held a hearing on the Motion for Reconsideration on June 11, 2024 (the "June 11 Hearing").

### DISCUSSION

### I.    DEBTOR'S RULE 59(e) MOTION MUST BE DENIED.

Debtor's request for relief under Rule 59(e) is untimely because Debtor failed to file her motion within 14 days of entry of the Rule 37 Decision. *See* Fed. R. Bankr. P. 9023. Even if the Court were to consider Debtor's arguments, however, Debtor fails to meet the standard for relief under Rule 59(e) for the reasons set forth below.

#### A.  Rule 59(e) Standard

Rule 59(e), made applicable to cases under the Bankruptcy Code by Fed. R. Bankr. P. 9023, authorizes the filing of a "motion to alter or amend a judgment." *See* Fed. R. Civ. P. 59(e); Fed. R. Bankr. P. 9023; *see also In re Centric Brands, Inc.*, No. 20-22637 (SHL), 2022 WL 1132046, at *1–2 (Bankr. S.D.N.Y. Apr. 15, 2022), *appeal dismissed as moot sub nom. In*

---

[17] In the supplemental memorandum of law, Debtor rehashed many of the arguments made in papers previously filed with the Court. Debtor also maintained that Defendants are not entitled to attorneys' fees. [*See* Dkt. No. 310 ¶ 60.]

*re Centric Brands Inc.*, No. 22 CV 2702 (VB), 2023 WL 2139556 (S.D.N.Y. Feb. 21, 2023), *appeal dismissed*, No. 23-491, 2023 WL 6460393 (2d Cir. July 27, 2023).

Under Rule 59(e), a court may amend or alter a judgment where: (1) there is an intervening change of controlling law; (2) new evidence becomes available; or (3) there is a need to correct a clear error or prevent manifest injustice. *See In re Grabis*, No. 13-10669-JLG, 2018 WL 6132048, at *2 (Bankr. S.D.N.Y. Nov. 20, 2018) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *Yelle v. Mount St. Mary Coll.*, No. 18-CV-10927 (PMH), 2021 WL 311213, at *2 (S.D.N.Y. Jan. 29, 2021), *aff'd sub nom. Yelle v. Mount Saint Mary Coll.*, No. 21-480-CV, 2022 WL 1715979 (2d Cir. May 27, 2022) (noting that a Rule 59(e) motion "may be granted only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice") (internal citations and quotations omitted).

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *See In re Santoli*, 627 B.R. 595, 600 (Bankr. S.D.N.Y. 2021) (citing *In re Health Management Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). The standard for granting a motion to alter or amend a judgment under Federal Rule 59(e) is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *See In re Santoli*, 627 B.R. at 599 (citing *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). Such request for relief "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Id.* (citing *Tonga Partners*, 684 F.3d at 52). Nor is it "an

opportunity for a party to 'plug[ ] the gaps of a lost motion with additional matters.'" *Id.* at 599-600 (citing *Cruz v. Barnhart*, 2006 WL 547681, at *1 (S.D.N.Y. Mar. 7, 2006)).

### B. Debtor's Request for Relief Under Rule 59(e) Is Untimely.

Bankruptcy Rule 9023 provides that a motion to alter or amend a judgment under Rule 59 shall be filed no later than 14 days after entry of judgment. *See* Fed. R. Bankr. P. 9023 (providing that Rule 59 applies in cases under the Bankruptcy Code and that "[a] motion for a new trial or to alter or amend a judgment *shall* be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment") (emphasis added); *see also In re Alfau*, No. 8-18-70983-LAS, 2024 WL 2036108, at *5 (Bankr. E.D.N.Y. May 7, 2024). Furthermore, Bankruptcy Rule 9006(b)(2) provides that "[t]he court may not enlarge the time for taking action" under Bankruptcy Rule 9023. *See* Fed. R. Bankr. P. 9006(b)(2).

The Rule 37 Decision was entered on April 19, 2024. Debtor had until May 3, 2024, to file a motion for reconsideration. The Motion for Reconsideration was not filed until May 17—two weeks after the deadline expired. Therefore, relief under Rule 59(e) is foreclosed. *See* June 11 Hear'g Tr. at 5:11-20 (wherein the Court explains that "9023 provides that you have a 14-day period" and "your request under 59(e) is an untimely request"); *see also In re Terrestar Networks, Inc.*, No. 10-15446 SHL, 2013 WL 781613, at *2 (Bankr. S.D.N.Y. Feb. 28, 2013) (concluding that, where movant filed motion for reconsideration beyond 14-day deadline, movant was "prevent[ed] . . . from obtaining relief under Federal Rule 59").

### C. Even if the Motion Were Timely, Debtor Fails to Meet the Standard Under Rule 59(e).

Though unclear from her papers, the Court construes Debtor's argument under Rule 59(e) to be premised on a purported "need to correct a clear error" in the Rule 37 Decision pertaining to the statute-of-limitations issue. For the reasons discussed *infra* Section II.C.1, the Court made no such error. Additionally, Debtor has not identified any "intervening

change of controlling law" nor has new evidence become available. Therefore, Debtor has failed to demonstrate entitlement to relief under Rule 59(e).

## II.    DEBTOR'S RULE 60(b) MOTION MUST BE DENIED.

Debtor's request for relief under Rule 60(b) is improper because the Rule 37 Decision does not constitute a "final judgment or order." *See* Fed. R. Civ. P. 60(b). Even if the Court were to consider Debtor's arguments, however, Debtor fails to meet the standards applicable to the relevant grounds for relief under Rule 60(b) for the reasons set forth below.

### A.  Rule 60(b) Standard

"Federal Rule of Civil Procedure 60(b) governs motions for relief from a final judgment or order and provides six independent grounds for relief." *See Bell v. Deutsche Bank, Indymac 2006-AR27*, No. 18CV01593JMAAYS, 2021 WL 4480549, at *2 (E.D.N.Y. Sept. 30, 2021). The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *See id.* (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). "The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court[.]" *See id.* (citing *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012)). Moreover, such a motion "may not be used as a substitute for appeal." *See id.* (citing *Manney v. Intergroove Media GMBH*, No. 10-CV-4493, 2014 WL 1224171, at *1 (E.D.N.Y. Mar. 24, 2014)).

Courts have cautioned that "[a]ll Rule 60(b) motions are 'disfavored'" in the Second Circuit. *See, e.g.*, *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, No. 18CV4203AMDVMS, 2023 WL 8283656, at *3 (E.D.N.Y. Nov. 30, 2023); *In re Iconix Brand Grp., Inc.*, No. 15 CIV. 4860 (PGG), 2021 WL 4225997, at *2 (S.D.N.Y. Sept. 16, 2021) (observing that, "[a]lthough Rule 60(b) motions are committed to the sound discretion of the district court . . . [r]elief under Rule 60(b) is disfavored because it disrupts the finality of judgments") (internal citations

omitted); *Rivera v. Fed. Bureau of Prisons*, No. 08 CIV. 5590 SAS, 2013 WL 5052153, at *2 (S.D.N.Y. Sept. 12, 2013) (observing that "motions for relief from judgment under Rule 60(b) are generally disfavored in the Second Circuit").

Importantly, "[a] pro se litigant is not excused from Rule 60(b)'s demanding requirements." *See Williams v. City Univ. of New York*, No. 10CV2127CBALB, 2014 WL 11462808, at *1 (E.D.N.Y. Jan. 22, 2014), *aff'd sub nom. Williams v. City Univ. of N.Y.*, 590 F. App'x 84 (2d Cir. 2015). Courts have recognized that "pro se litigants are not . . . excused from the requirement that they produce 'highly convincing' evidence to support a Rule 60(b) motion." *See Rivera*, 2013 WL 5052153, at *2; *see also Rowe v. Cenlar FSB*, No. 19CV07278JMAAYS, 2022 WL 3682302, at *3 (E.D.N.Y. Aug. 25, 2022), *aff'd*, No. 22-1870, 2023 WL 6873092 (2d Cir. Oct. 18, 2023) (same). Thus, "[t]he heavy burden for securing relief from final judgments applies to *pro se* litigants as well as those represented by counsel." *See Rivera*, 2013 WL 5052153, at *2.

### B. The Rule 37 Decision Is Not a "Final Judgment or Order" for Purposes of Rule 60(b).

By its express terms, Rule 60(b) applies only to "final" judgments or orders. *See Wyche v. Advanced Drainage Sys., Inc.*, 332 F.R.D. 109, 112 (S.D.N.Y. 2019); *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15CV3549ADSAKT, 2017 WL 59085, at *2 (E.D.N.Y. Jan. 4, 2017) (citing *In re Palermo*, No. 08-cv-7421, 2011 WL 446209 (S.D.N.Y. Feb. 7, 2011)); *Gibson v. Comm'r of Mental Health*, No. 04CIV4350(SAS), 2009 WL 331258, at *2 (S.D.N.Y. Feb. 11, 2009). The standard test for whether a judgment is "final" for purposes of Rule 60(b) is "whether the judgment is sufficiently 'final' to be appealed." *See Datiz*, 2017 WL 59085, at *2 (citing *In re Palermo*); *Wyche*, 332 F.R.D. at 112 ("The prevailing rule in this Circuit and elsewhere is that an order is final for purposes of Rule 60(b) when it is appealable.") (internal citations omitted). A judgment is final such that it may be appealed if it "ends the litigation on the

merits and leaves nothing for the court to do but execute the judgment." *See Datiz*, 2017 WL 59085, at *2 (citing *In re Palermo*); *Wyche*, 332 F.R.D. at 112 ("For the purposes of appealability, [a] final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision.") (internal citations omitted); *see also JLM Couture, Inc. v. Gutman*, No. 20 CV 10575-LTS-SLC, 2023 WL 3061924, at *1 (S.D.N.Y. Apr. 24, 2023) (observing that Rule 60(b) was inapplicable where judgment at issue was "nonfinal, as it did not dispose of any of the pending claims in this litigation on the merits"); *Gibson*, 2009 WL 331258, at *2 (concluding that Rule 60(b) was inapplicable where order at issue was interlocutory, not final, and noting that Rule 60(b) "does not apply to judgments and orders that do not resolve all of the claims of all of the parties").

Courts have recognized that Rule 60(b) does not apply to discovery orders. *See Pimentel v. Delta Airlines, Inc.*, No. 17CV5317AMDJO, 2019 WL 13417417, at *6 (E.D.N.Y. July 12, 2019) (collecting cases); *see also Curtis v. Greenberg*, No. 20-CV-824 (PKC) (LB), 2022 WL 173108, at *3 (E.D.N.Y. Jan. 19, 2022), *aff'd*, No. 22-252-CV, 2023 WL 6324324 (2d Cir. Sept. 29, 2023) (observing that non-final discovery orders may not be reconsidered under Rule 60(b)); *Mitre Sports Int'l Ltd. v. Home Box Off., Inc.*, No. 08CIV9117GBDHBP, 2010 WL 11594910, at *1 (S.D.N.Y. Nov. 22, 2010) (concluding that Rule 60(b)(6) motion was inappropriate where order at issue was "an interlocutory discovery order, and not a final order"); *Grand River Enterprises Six Nations, Ltd. v. King*, No. 02 CIV. 5068 (JFK), 2009 WL 1739893, at *2 (S.D.N.Y. June 16, 2009) ("By its express terms, Rule 60(b) applies only to final orders and not interlocutory ones. . . . Since the discovery orders at issue here are interlocutory orders . . . Rule 60(b) has no application.").

More specifically, orders imposing sanctions pursuant to Rule 37 are not final orders. *See, e.g.*, *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204-10 (1999) (concluding that order imposing discovery sanctions pursuant to Rule 37 was not a final decision under 28 U.S.C. § 1291, and therefore was not immediately appealable, because it neither ended the litigation nor left the court to only execute its judgment); *MLC, Inc. v. N. Am. Philips Corp.*, No. 78 CIV. 6080 (SWK), 1988 WL 61808, at *2 (S.D.N.Y. June 9, 1988) ("The Second Circuit has observed that a Rule 37 discovery sanction of fees or expenses is not a final order and is thus non-appealable when only liability has been determined but before the amount due as compensation has been decided.") (citing *Independent Investor Protective League v. Touche Ross & Co.,* 542 F.2d 156, 157–58 (2d Cir. 1976)).

The Rule 37 Decision, which pertained *solely* to discovery issues in this adversary proceeding, did not come anywhere near "ending the litigation on the merits" and "leaving nothing for the court to do but execute the judgment." Indeed, the Court has not even issued a final determination concerning the amount of attorneys' fees and costs to be awarded pursuant to the Rule 37 Decision, as the parties were directed to submit supplemental briefing in connection therewith. *See* Rule 37 Decision at 6, 34-36; *see also supra* note 16. Therefore, the decision was not "final," and Rule 60(b) is not an appropriate avenue for relief.

### C. Even if the Court Were to Consider the Motion, Debtor Fails to Demonstrate Entitlement to Relief Under Rule 60(b).

In the Motion for Reconsideration, Debtor requests relief pursuant to "Rule 60(b)(1)-(5) or (6)." *See* Mot. ¶¶ 4, 46. As Defendants note in their opposition (Opp. at 5), however, Debtor fails to set forth arguments specifically tailored to any of the grounds for relief under Rule 60(b).

Upon review of the Motion for Reconsideration, the Court construes Debtor's argument—namely, that the Court "erred" in "setting aside" her argument that Defendants'

foreclosure claim is time-barred under CPLR § 213(4)— as potentially targeted to the grounds enumerated in Rule 60(b)(1). *See, e.g.*, *Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 385–86 (E.D.N.Y. 1998) (observing that it was not clear "which of the grounds for relief enumerated in Rule 60(b) the plaintiffs[] intend to invoke" and concluding that "only two of [the subsections of Rule 60(b)] are potentially applicable here"). Though unclear whether Debtor's arguments were also intended to invoke Rule 60(b)(4) and Rule 60(b)(6), the Court also addresses these grounds further below.[18]

### 1. *Rule 60(b)(1)*

#### a. *Debtor's Rule 60(b)(1) Motion Is Untimely.*

Rule 60(b)(1) motions must be made "within a reasonable time" and no more than a year[19] after the entry of the judgment or order at issue. *See* Fed. R. Civ. P. 60(c). Courts in the Second Circuit have held that a "reasonable time" for a Rule 60(b)(1) motion based on judicial error "should be no greater than the time allowed to file an appeal." *See, e.g.*, *In re Shen*, 501 B.R. 216, 221 (Bankr. S.D.N.Y. 2013) ("Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment. . . . Thus, [t]o prevent Rule 60(b)(1) from being used to circumvent the time limitations for an appeal, the Second Circuit has determined that when a 60(b)(1) motion concerns a court's own substantive error, such motion 'may not be made after the time for appeal has elapsed.'") (internal citations omitted); *Morris v. Alle Processing Corp.*, No. 08-CV-4874 (JMA), 2013 WL 12363063, at *3 (E.D.N.Y. Oct. 22, 2013) ("While Rule 60(c)(1) provides a motion for Rule 60(b) must be made within a

---

[18] The grounds for relief enumerated in Rule 60(b)(2), Rule 60(b)(3), and Rule 60(b)(5) are inapplicable here.

[19] Bankruptcy Rule 9024 provides an exception to the one-year limitation in Rule 60(c). This exception does not apply here. *See generally* Fed. R. Bankr. P. 9024. Additionally, Bankruptcy Rule 9006(b)(2) provides that "[t]he court may not enlarge the time for taking action" under Bankruptcy Rule 9024. *See* Fed. R. Bankr. P. 9006(b)(2).

reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order, courts in the Second Circuit require that motions for relief from such judicial mistakes pursuant to Rule 60(b)(1) must be made before the time for appeal expires.") (internal citations omitted); *In re Old Carco LLC*, 423 B.R. 40, 47 (Bankr. S.D.N.Y. 2010), *aff'd*, No. 10 CIV.2493 (AKH), 2010 WL 3566908 (S.D.N.Y. Sept. 14, 2010), *aff'd sub nom. Mauro Motors Inc. v. Old Carco LLC*, 420 F. App'x 89 (2d Cir. 2011) ("A 'reasonable time' for a motion under Rule 60(b) for judicial error should be no greater than the time allowed to file an appeal.") (citing 11 C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure, § 2858 (2d ed. 2009)).

Debtor's Rule 60(b)(1) motion is untimely. Under Bankruptcy Rule 8002(a)(1), Debtor had fourteen days to file a notice of appeal in connection with the Rule 37 Decision. *See* Fed. R. Bankr. P. 8002(a)(1).[20] Therefore, the deadline to appeal was May 3, 2024. Debtor did not file a timely appeal of the Rule 37 Decision.[21] Debtor filed the Motion for Reconsideration on May 17, 2024—two weeks after the time to appeal expired.

Debtor maintains that she did not receive notice of entry of the Rule 37 Decision. *See* Mot. ¶¶ 12-19.  This has no bearing on the time to appeal and, therefore, the time to file the Motion for Reconsideration. As a preliminary matter, the fourteen-day period imposed by Bankruptcy Rule 8002(a)(1) is mandatory and jurisdictional. *See In re Soundview Elite Ltd.*, 597 F. App'x 663, 664 (2d Cir. 2015); *see also In re Smith*, No. 7:23-CV-06513 (PMH), 2023

---

[20] Bankruptcy Rule 8002(d) provides that "the bankruptcy court may extend the time to file a notice of appeal *upon a party's motion that is filed*: (a) within the time prescribed by this rule; or (b) within 21 days after that time, if the party shows "excusable neglect." *See* Fed. R. Bankr. P. 8002(d)(1) (emphasis added); *see also In re Soundview Elite Ltd.*, 512 B.R. 155, 157 (S.D.N.Y. 2014), *aff'd*, 597 F. App'x 663 (2d Cir. 2015) (noting that "[a]ppellants *must* file written motions to request such extensions") (emphasis added). Debtor did not file a motion seeking an extension of the time to file a notice of appeal within the timeframes set forth in Bankruptcy Rule 8002(d).

[21] Debtor filed an untimely notice of appeal of the Rule 37 Decision on May 13, 2024. [*See* Dkt. No. 294; *see also* Dkt. No. 1, Case No. 2:24-cv-03513.]

WL 6294345, at *1 (S.D.N.Y. Sept. 27, 2023). "*Pro se* status does not excuse a party from this jurisdictional requirement." *See In re Smith*, 2023 WL 6294345, at *1.

Furthermore, Bankruptcy Rule 9022(a) provides that "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." *See* Fed. R. Bankr. P. 9022(a); *see also In re Smith*, 2023 WL 6294345, at *1; *In re Spiegel, Inc.*, No. 03-11540 BRL, 2007 WL 1080190, at *4 (Bankr. S.D.N.Y. Apr. 4, 2007), *aff'd*, 385 B.R. 35 (S.D.N.Y. 2008); *In re Seatrain Lines, Inc.*, 184 B.R. 660, 662 (Bankr. S.D.N.Y. 1995) ("Failure to serve a copy of a signed order, or to give notice of entry, does not extend the period during which an appeal may be filed."); *Twins Roller Corp. v. Roxy Roller Rink Joint Venture*, 70 B.R. 308, 311 (S.D.N.Y. 1987).

Courts have routinely rejected the argument now made by Debtor, concluding that the failure of the court clerk to immediately mail notice of entry of a bankruptcy court order to appellants has no effect on the running of time to file notice of appeal. *See, e.g.*, *In re Smith*, 2023 WL 6294345, at *1; *Twins Roller Corp.*, 70 B.R. at 311 ("In short, the clerk's failure to mail notice of the order, pursuant to Rule 9022(a)[,] has no effect on the running of time to file the notice of appeal. . . . Consequently, appellant's inexcusable failure is unaffected by the failure of the Clerk of the Bankruptcy Court to mail notice of entry of [the order]."). As such, Debtor's request for relief pursuant to Rule 60(b) is untimely.

### b. *Debtor Has Failed to Identify Any "Mistake" in the Rule 37 Decision.*

Rule 60(b)(1) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see also Thatcher v.*

*Lamanna*, No. 1:17-CV-04540 (ALC), 2020 WL 1047087, at *2 (S.D.N.Y. Mar. 4, 2020). To prevail on a Rule 60(b)(1) motion based on mistake, the moving party must establish the court made a "material mistake that changed the outcome of the [C]ourt's judgment." *See Thatcher*, 2020 WL 1047087, at *2. Where a party alleges the court made a mistake, relief may be provided in instances of both legal errors and factual errors. *See id.*; *Rowe*, 2022 WL 3682302, at *3 ("Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when the judge has made a substantive mistake of law or fact in the final judgment or order.") (internal citations omitted). While "[t]he Second Circuit has consistently held that Rule 60(b)(1) is available for a district court to correct its own legal errors[,]" a party's "'mere disagreement' with resolution of legal and factual issues does not amount to an 'exceptional circumstance' that warrants Rule 60(b)(1) relief." *See Bell*, 2021 WL 4480549, at *4 (internal citations omitted). Additionally, Rule 60(b)(1), "will not provide a movant an additional opportunity to make arguments or attempt to win a point already 'carefully analyzed and justifiably disposed.'" *Id.* (internal citations omitted).

Debtor has failed to identify any "mistake" in the Rule 37 Decision. Debtor's argument is premised on a patent misreading of the Court's ruling. In relevant part, Debtor maintains that "this Court *erred in setting aside* [Debtor's] statute of limitations claims." *See* Mot. ¶¶ 20-34 (emphasis added); *id.* ¶¶ 36-37 (wherein Debtor "objects to this Court[']s Order setting aside her statute of limitations claims"). Debtor repeats variations of this argument throughout her papers, insisting that "[t]his Court's determination that [Debtor's] statute of limitations claim[] was not properly before it is erroneous[.]" [*See* Dkt. No. 315 ¶ 22; *see also* Dkt. No. 310 ¶¶ 4, 29-54.]

Contrary to Debtor's representations, the Court did not "set aside" her statute-of-limitations argument. Indeed, the Court did not make any determinations regarding the

statute-of-limitations issue at all. As discussed *supra*, the Court merely declined to deny the Rule 37 Motion as "moot" on statute-of-limitations grounds[22] and concluded that it was not clear from the face of the complaint that Defendants' foreclosure claim is time-barred.[23]

For the reasons set forth in the Rule 37 Decision, the Court "***reserve[d] its ruling*** on the statute-of-limitations issue . . . until the parties have presented arguments and evidence in connection therewith at trial." Rule 37 Decision at 21 (emphasis added); *see also* Opp. at 6. The Court reiterated that it reserved its ruling on this issue at the June 11 Hearing:

> . . . [Y]ou're asserting that the Court has ruled on the statute of limitations defense that you have asserted in your answer to the counterclaim. You are stating that the Court ruled on it, set it aside in the Rule 37 motion. That is incorrect. That's a misunderstanding by you of the Court's determination.
>
> ***The Court did not make a ruling on the application or your right to assert a defense with respect to the statute of limitations. The Court reserved that ruling when it hears all of the evidence***.
>
> The action, the main event here rises and falls on a series of documents that you have submitted to the Court, including an assignment of mortgage, a satisfaction of mortgage, a wire transfer confirmation, as well as certain letters which you believe . . . triggered the statute of limitations. The authenticity of each of those documents, as well as others you have submitted to the Court[,] have been called into question by the defendants here.
>
> And so the ruling that the Court made in the April 19 Rule 37 decision, ***the Court did not set aside your statute of limitations defense***, but that is a defense that the Court will listen to in connection with all of the evidence that would be presented to the Court when we get to the end game and the adjudication of the merits.
>
> So, I wanted to be clear that the Court did not rule that . . . the statute of limitations defense should be set aside. ***The Court simply said that based upon the existing case law in this circuit it was not clear from the face of the pleadings and what the Court needed to take into consideration that the statute of limitations would apply and preserved that issue, specifically preserved that***

---

[22] *See* Rule 37 Decision at 16-17 (citing *Teri v. Oxford Mgmt. Servs., Inc.*, No. CV052777DRHWDW, 2008 WL 11435689, at *6-8 (E.D.N.Y. Sept. 30, 2008) (J. Wall); *Teri v. Oxford Mgmt. Servs., Inc.*, No. 05CV2777DRHWDW, 2009 WL 10706061, at *1 (E.D.N.Y. Nov. 18, 2009) (J. Hurley)).

[23] *See id.* 17-21 (noting that a court "may only dismiss an action based on the statute of limitations if, on the face the complaint, it is clear that the claim is untimely" and declining to dismiss the action at this juncture) (internal citations omitted).

> *issue for when the Court would hear all of the evidence in an adjudication of the merits.*

*See* June 11 Hear'g Tr. at 6:12-7:22 (emphasis added). The Court again reiterated this in the Renewed Cross-Motion Decision. *See* Renewed Cross-Motion Decision at 4, 4 n.10, 22, 32.

As noted on the record and in two decisions of this Court, trial on this issue has not yet been scheduled. Debtor's position therefore reflects a fundamental mischaracterization of the Rule 37 Decision. As such, Debtor has failed to meet her burden of establishing entitlement to relief on grounds of "mistake" under Rule 60(b)(1).

### 2. *Rule 60(b)(4)*

Rule 60(b)(4) authorizes a court to relieve a party from a final judgment if "the judgment is void," Fed. R. Civ. P. 60(b)(4), meaning it is "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *See Singh v. Meadow Hill Mobile Inc.*, No. 20-CV-3853 (CS), 2023 WL 3996867, at *3 (S.D.N.Y. June 14, 2023) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)). The rule "strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute." *Id.* (citing *United Student Aid Funds*, 559 U.S. at 276). Rule 60(b)(4) applies only "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (citing *United Student Aid Funds*, 559 U.S. at 271). As the Second Circuit has explained, under Rule 60(b)(4), a judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Id.* (citing *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006));

*see also Microbot Med., Inc. v. Mona*, No. 19CIV3782GBDRWL, 2024 WL 964594, at *1 (S.D.N.Y. Mar. 5, 2024).

Debtor has not premised her argument on a fundamental jurisdictional flaw or due process error. Rather, as discussed *supra*, Debtor's argument is premised on her erroneous assertion that the Court ruled on—and rejected—her statute-of-limitations argument. No determination has yet been made regarding the statute-of-limitations defense. The Court reserved its ruling on the merits of Debtor's statute-of-limitations argument until after the parties have presented arguments and evidence in connection therewith at trial.

### 3. *Rule 60(b)(6)*

Rule 60(b)(6) allows a court to grant relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is "properly invoked only when there are extraordinary circumstances justifying relief or when the judgment may work an extreme and undue hardship." *See generally 53rd St.*, 2023 WL 8283656, at *3 (internal citations omitted). The party seeking relief has the burden to prove extraordinary circumstances. *Id.*

It is well-established that "Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5)." *See Gustavia Home, LLC v. Hoyer*, No. 16CV4015PKCVMS, 2022 WL 875096, at *4 (E.D.N.Y. Mar. 23, 2022) (citing *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000)); *Manney*, 2014 WL 1224171, at *7 ("Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply."). Rule 60(b)(6) is therefore inapplicable where a movant's "arguments are premised and can be considered [under] the enumerated clauses of Rule 60(b)." *Gustavia*, 2022 WL 875096, at *4.

As discussed *supra*, Debtor's argument, though premised on a fundamental misunderstanding of the Court's ruling, is that the Court made a "mistake" in the Rule 37 Decision. Debtor's argument thus "fall[s] squarely within the ambit of Rule 60(b)(1)." *See Manney*, 2014 WL 1224171, at *7 (E.D.N.Y. Mar. 24, 2014); *see also Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023) (noting that Rule 60(b)(1) and Rule 60(b)(6) are "mutually exclusive" and, therefore, "[w]here a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed"); *In re Old Carco LLC*, 621 B.R. 303, 312–13 (Bankr. S.D.N.Y. 2020) (concluding that, where motion was "based on the mistaken overbreadth" of court order, movant was "limited to Rule 60(b)(1), [could not] rely on Rule 60(b)(6), and relief under Rule 60(b)(1) [was] time-barred"). Debtor's argument also appears to be premised on Rule 60(b)(4). Therefore, relief under the catchall provision of Rule 60(b)(6) is foreclosed.

## CONCLUSION

For the reasons set forth above, the Motion for Reconsideration is denied.



**Dated:** July 1, 2024
      Central Islip, New York

                                                 **Louis A. Scarcella**
                                      **United States Bankruptcy Judge**