UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

Daphnee Doresca,

                         Debtor.
-------------------------------------------------------------------X
Daphnee Doresca,

                       Plaintiff,

       -against-

IndyMac Bank, FSB, OneWest Bank, FSB,
Ocwen Loan Servicing, LLC, et al.,

                     Defendants.
-------------------------------------------------------------------X

Case No. 8-16-75006-las

Chapter 7

Adv. Pro. No. 8-17-08213-las

## MEMORANDUM DECISION AND ORDER ON DEBTOR'S STAY VIOLATION ARGUMENT IN RENEWED CROSS-MOTION

In this adversary proceeding, plaintiff and debtor Daphnee Doresca ("Debtor"), now appearing *pro se*,[1] asks this Court to determine the validity, priority, or extent of a mortgage lien asserted by defendants PHH Mortgage Corporation ("PHH"), successor by merger with Ocwen Loan Servicing, LLC ("Ocwen") and OneWest Bank, FSB ("One West" and, together with PHH, "Defendants") against the real property located at 199 William Street, Hempstead, New York (the "Property"). *See generally* First Amended Adversary Complaint

---

[1] Debtor was represented by counsel at the time this adversary proceeding was commenced. Debtor terminated that engagement and proceeded *pro se*. Subsequently, at various stages of this adversary proceeding, Debtor hired two other law firms to represent her. Each law firm requested, and was granted leave, to withdraw as counsel.

(the "First Amended Complaint" or "FAC").[2] [Dkt. No. 81.][3] In the First Amended Complaint, Debtor alleged that after she acquired the Property pursuant to a default judgment entered against the original borrower, Carla Desrouilleres, in the Supreme Court of the State of New York, County of Nassau, Ocwen assigned its mortgage to N City Corporate Builders, Inc. ("N City") and Debtor thereafter satisfied the mortgage debt by remitting payment to N City. Debtor further alleged that to the extent it is determined that Defendants hold a mortgage against the Property, Defendants are time-barred under the relevant statute of limitations from seeking to foreclose the mortgage.

For their part, Defendants have contested the validity of the alleged assignment and satisfaction of the mortgage and argue that the applicable statute of limitations has yet to expire. *See generally* Answer and Counterclaim. [Dkt. Nos. 96, 99.] PHH asserted a counterclaim, and Debtor answered the counterclaim. [Dkt. No. 109.] Defendants also filed a third-party action against Debtor and N City seeking a determination as to the parties' respective rights in and to the Property and to expunge both the assignment of mortgage and the subsequent satisfaction of mortgage. The third-party action as against Debtor was dismissed solely on procedural grounds, and N City was joined as an additional party to Defendants' counterclaim. *See Memorandum Decision and Order on Motion to Dismiss Third-Party Complaint*. [Dkt. No. 211.] After joinder, Corporate Capital Brokers, LLC ("CCB"), successor-in-interest to N City[4], filed an answer to Defendants' counterclaim. [Dkt. No. 213.]

---

[2] The First Amended Complaint is the operative complaint in this adversary proceeding. [Dkt. No. 81.] Debtor moved for leave to file a second amended complaint [Dkt. Nos. 119, 124, 126], and Defendants opposed Debtor's motion to amend [Dkt. No. 125]. The Court denied Debtor's request in the *Memorandum Decision and Order* dated March 24, 2023 [Dkt. No. 196] (the "March 24 Order").

[3] Unless otherwise stated, all docket references to the adversary proceeding are cited as "[Dkt. No. __]" and all docket references to the related bankruptcy case of the Debtor, Case No. 8-16-75006-las, are cited as "[Bankr. Dkt. No. __]."

[4] According to former counsel for N City, CCB is the successor in interest to N City.

Now before the Court is Debtor's contention in her self-styled cross-motion [Dkt. No. 244] (the "Renewed Cross-Motion" or "Cross-Mot.[5]") that PHH violated the automatic stay by recording an assignment of the mortgage on the Property (the "Assignment of Mortgage"), after Debtor filed her bankruptcy petition.[6] For the reasons stated below, the Court rejects Debtor's argument and concludes that neither the assignment nor the postpetition recordation thereof constitute a violation of the automatic stay.

## JURISDICTION

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and the Standing Order of Reference of the United States District Court for the Eastern District of New York, dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.) entered in accordance with 28 U.S.C. § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

---

[5] Citations to the "Cross-Mot." correspond with paragraphs in the *Memorandum of Law of Plaintiff Daphnee Doresca in Support of Motion Joined as of Right to Defendants['] Rule 37 Motion for an Order Dismissing the Causes of Action Asserted Against Her in the Counterclaims, Relieving Plaintiff of an Order, Cancel and Discharge the Mortgage as Stale, and Denying the Rule 37 Motion as Moot* [Dkt. No. 244-2].

[6] As discussed *infra* Background Sections I-II, Debtor filed the Renewed Cross-Motion in response to Defendants' motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, seeking case-terminating sanctions against both Debtor and CCB for failing to perform their obligations under the discovery rules and the discovery scheduling order entered by the Court [Dkt. No. 219] (the "Rule 37 Motion" or "Rule 37 Mot."). The Court issued its decision on the Rule 37 Motion [Dkt. No. 290] (the "Rule 37 Decision") on April 19, 2024. The Court issued its decision on the Renewed Cross-Motion [Dkt. No. 318] (the "Renewed Cross-Motion Decision") on June 14, 2024. In the Renewed Cross-Motion Decision, the Court indicated that its ruling on Debtor's stay violation argument would be issued in a separate forthcoming decision. *See* Renewed Cross-Motion at 3-4 n.9.

## BACKGROUND[7]

### I.    DEFENDANTS' RULE 37 MOTION AND DEBTOR'S RENEWED CROSS-MOTION

Following a series of discovery disputes[8], on June 23, 2023, Defendants filed the Rule 37 Motion seeking entry of an order: (1) striking and dismissing Debtor's complaint; (2) striking CCB's answer and awarding default judgment against CCB in PHH's favor; and (3) awarding attorneys' fees and costs incurred by Defendants in connection with the failure of Debtor and CCB to respond to Defendants' discovery requests, together with such other and further relief as the Court deems just and proper.

On July 25, 2023, Debtor filed a cross-motion [Dkt. No. 229] (the "July Cross-Motion"), purportedly in response to the Rule 37 Motion, seeking an order: (1) dismissing the causes of action asserted against her in the Third-Party Complaint[9] pursuant to Rules 12(b)(1), 12(b)(6) and 9(b); (2) cancelling and discharging of record the mortgage asserted by Defendants on the Property pursuant to N.Y. R.P.A.P.L § 1501(4); (3) determining that Debtor is a bona fide purchaser for value pursuant to N.Y. R.P.L. § 266;[10] (4) imposing sanctions against Andrea Roberts, Esq., Blank Rome LLP, and PHH for a violation of the

---

[7] The parties' familiarity with the facts and procedural history is presumed as set forth in prior decisions of the Court. *See* Rule 37 Decision at 1-3, 6-12; Renewed Cross-Motion Decision at 1-4, 5-8; *see also* March 24 Order [Dkt. No. 196]; *Memorandum Decision and Order on Motion to Dismiss Third-Party Complaint*, dated May 16, 2023 [Dkt. No. 211] (the "May 16 Order"). The Court recounts only those facts and procedural history that are pertinent to the disposition of the pending motion.

[8] *See* Rule 37 Decision at 6-10.

[9] The Third-Party Complaint was dismissed as against Debtor solely on procedural grounds two months before she filed the July Cross-Motion. *See* May 16 Order [Dkt. No. 211]. PHH asserted a counterclaim against Debtor in this adversary proceeding [Dkt. No. 99], and Debtor answered the counterclaim [Dkt. No. 109].

[10] The Court denied Debtor's motion for leave to file a second amended complaint to add a claim that she is a bona fide purchaser for value **four months before** Debtor filed the July Cross-Motion. *See generally* March 24 Order [Dkt. No. 196].

automatic stay pursuant to § 362(a)(4),(5), § 362(k)(1) and § 105[11], and expunging the alleged post-petition lien created in favor of PHH on September 24, 2019 and filed on October 27, 2019 by Blank Rome, IndyMac Bank, F.S.B., OneWest, Ocwen, and PHH encumbering the Property; (5) relieving Debtor of the March 24 Order pursuant to Rule 60(a); (6) for sanctions striking PHH's answer to Debtor's First Amended Complaint pursuant to Rule 37; (7) for sanctions expunging post-petition mortgage lien; and (8) awarding such other relief as the Court deems proper. Debtor also opposed the Rule 37 Motion. [Dkt. No. 229.] Defendants filed their reply in support of the Rule 37 Motion and in opposition to the July Cross-Motion on July 28, 2023 (the "July Cross-Motion Opposition" or "July Cross-Mot. Opp."). [Dkt. No. 232.] On July 31, 2023, Debtor filed a memorandum of law in support of the July Cross-Motion, along with an accompanying declaration. [Dkt. Nos. 235, 236.]

At a hearing held on August 1, 2023 (the "August 1 Hearing"), the Court advised Debtor that the July Cross-Motion was improper because the relief requested could not be brought as a cross-motion. *See* Aug. 1 Hear'g Tr. at 11:25-12:23; *id.* at 20:3-15. On August 16, 2023, Debtor filed the Renewed Cross-Motion, including arguments and requests for relief substantially similar to those made in the July Cross-Motion. [Dkt. No. 244.] In the Renewed Cross-Motion, Debtor sought an order: (i) dismissing the counterclaim asserted against Debtor pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b)[12] (the "First Request for Relief"); (ii) cancelling and discharging the mortgage on the Property pursuant to N.Y. R.P.A.P.L. § 1501(4) (the "Second Request for Relief"); (iii) relieving Debtor of the March 24 Order pursuant to Rule 60(b)(1)-(5)[13] (the "Third Request for Relief"); and (iv)

---

[11] This argument was reprised in the Renewed Cross-Motion and is addressed in this decision.

[12] Federal Rules of Civil Procedure 12(b) and 9(b) are made applicable to this adversary proceeding by Rules 7009 and 7012(b) of the Federal Rules of Bankruptcy Procedure.

[13] Federal Rule of Civil Procedure 60(b) is made applicable to this adversary proceeding by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

denying the Rule 37 Motion as moot, because the statute of limitations precludes the Court from adjudicating this matter (the "Fourth Request for Relief").

In addition to her arguments in connection with the First, Second, Third, and Fourth Requests for Relief, Debtor also argues in the Renewed Cross-Motion that PHH violated the automatic stay in her bankruptcy case. *See* Cross-Mot. ¶¶ 125-37.  In relevant part, Debtor maintains as follows:

> On September 27, 2019, PHH [] created and executed a mortgage lien against the property of the Debtor . . . This lien creates an interest in the subject property which did not exist at the commencement of [the] bankruptcy proceeding and the adversary proceeding. Timothy Salter, Blank Rome, and PHH Mortgage thus knowingly violated the Order of this honorable court, by creating this lien and then seeking a lift stay so that it can perfect this lien and return to this court to seek further relief.

*Id.* ¶¶ 128-29; *see also id.* ¶ 127 ("The encumbrance itself constitutes the damage to Debtor, which has deprived the Debtor of her in-alienable right of ease and free enjoyment of her property.").

On September 13, 2023, Defendants timely filed their declaration in opposition to the Renewed Cross-Motion. [Dkt. No. 246.] Debtor filed an untimely declaration and memorandum of law in further support of the Renewed Cross-Motion on September 19, 2023. [Dkt. Nos. 247, 249.]

The Court held a hearing on the Rule 37 Motion on September 20, 2023 (the "September 20 Hearing"). On November 17, 2023, counsel for Defendants[14] filed a supplemental memorandum of law in support of the Rule 37 Motion and in opposition to the Renewed Cross-Motion [Dkt. No. 273] (the "Supplemental Cross-Motion Opposition" or

---

[14] Defendants' prior counsel, Blank Rome LLP, moved to withdraw as counsel of record. [Dkt. Nos. 261, 262.] That motion was granted by Order dated December 1, 2023. [Dkt. No. 278.] Previously, on October 16, 2023, Defendants' new counsel, Houser LLP, filed a notice of appearance. [Dkt. No. 251.] Houser LLP is now counsel of record for Defendants in the adversary proceeding.

"Supp. Cross-Mot. Opp.")[15], along with accompanying Victor Declaration ("Victor Decl.") [Dkt. Nos. 272] and Schulte Declaration ("Schulte Decl.") [Dkt. No. 275]. On December 22, 2023, Debtor filed a supplemental brief in response thereto, along with accompanying materials. [Dkt. Nos. 280-82.]

## II.    THE RULE 37 DECISION AND RENEWED CROSS-MOTION DECISION

The Court issued the Rule 37 Decision on April 19, 2024. In the Rule 37 Decision, the Court found that Debtor and CCB failed to comply with their discovery obligations and exercised its discretion to preclude Debtor and CCB from offering documents in evidence at a hearing or trial in support of their respective claims and defenses that were not produced in discovery. Rule 37 Decision at 4-5, 35-36. Additionally, the Court granted Defendants' request for reasonable attorneys' fees and costs for prosecution of the Rule 37 Motion, the specific amount of which was to be determined after submission of supplemental documents.[16] *Id.* at 5-6, 36.

The Court also responded to several of Debtor's arguments in the Renewed Cross-Motion, to the extent Debtor endeavored to frame such arguments as somehow dispositive of the Rule 37 Motion. With respect to the Fourth Request for Relief in the Renewed Cross-Motion, the Court rejected Debtor's contention that the Rule 37 Motion should be denied as "moot" on statute-of-limitations grounds, ultimately reserving its ruling on the merits of

---

[15] In their Supplemental Cross-Motion Opposition, Defendants incorporate their arguments made in the July Cross-Motion Opposition, in light of Debtor's nearly identical arguments in her July Cross-Motion and Renewed Cross-Motion. *See* Supp. Cross-Mot. Opp. at 4. Defendants address Debtor's stay violation argument in Section II.F. of the July Cross-Motion Opposition. *See* July Cross-Mot. Opp. at 27-29.

[16] On May 3, 2024, the Court entered an order extending the deadlines for supplemental briefing in connection with the amount of attorneys' fees and costs to be awarded. [Dkt. No. 292.] Defendants filed their memorandum of law in connection therewith, along with accompanying materials, on May 17, 2024. [Dkt. Nos. 307-09.] Debtor did not file a proper response. The Court's ruling on the amount of attorneys' fees and costs to be awarded is forthcoming.

Debtor's statute-of-limitations argument until after the parties have presented arguments and evidence in connection therewith at trial. *See id.* at 16-21.

On June 14, 2024, the Court ruled on Debtor's remaining requests for relief in the Renewed Cross-Motion Decision. The Court denied the First and Third Requests for Relief and reserved its ruling on the Second Request for Relief, which is premised on Debtor's statute-of-limitations argument. *See* Renewed Cross-Motion Decision at 4, 32. The Court also indicated that its ruling on Debtor's stay violation argument would be issued in a separate forthcoming decision. *See id.* at 3-4 n.9.

## LEGAL STANDARD

### I.  PROPERTY OF THE ESTATE

The filing of a petition in bankruptcy creates an estate that consists of "all legal or equitable interest of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541(a)(1); *In re Ross*, 548 B.R. 632, 636 (Bankr. E.D.N.Y. 2016), *aff'd sub nom. Mendelsohn v. Ross*, 251 F. Supp. 3d 518 (E.D.N.Y. 2017). Property of the estate is defined broadly and includes "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative." *See In re Reviss*, No. 19-44155, 2021 WL 1821873, at *5 (Bankr. E.D.N.Y. May 6, 2021) (quoting *Geltzer v. Soshkin* (*In re Brizinova*), 588 B.R. 311, 326 (Bankr. E.D.N.Y. 2018)). "Nevertheless, despite the recognized breadth of the term 'property of the estate,' it does have limitations." *Id.* "[A] significant role in determining the scope of the property of the estate is played by state law." *Id.* at *6. "Courts recognize that even though 'federal law determines whether a debtor's interest in property is property of the bankruptcy estate, rights and property interests are created and defined by state law.'" *Id.* (quoting *In re Gonzalez*, 559 B.R. 326, 330 (Bankr. E.D.N.Y. 2016)).

## II.    AUTOMATIC STAY

The filing of a petition for relief under the Bankruptcy Code automatically triggers the protection of the automatic stay under Section 362(a). *See* 11 U.S.C. § 362(a). The automatic stay "serves one of the core purposes of bankruptcy, by enabling the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *See generally S.E.C. v. Miller*, 808 F.3d 623, 630 (2d Cir. 2015) (internal quotation marks and citations omitted).

In relevant part, 11 U.S.C. § 362(a) provides as follows:

**(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of . . .

**(4)** any act to create, perfect, or enforce any lien against property of the estate;

**(5)** any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(4)-(5).

It is well established, however, that the automatic stay generally protects only the debtor, property of the debtor, or property of the estate. *See, e.g., Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 59, 65 (S.D.N.Y. 2013), *aff'd sub nom. Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199 (2d Cir. 2014) (citing *Gross Found., Inc. v. Goldner,* 12 Civ. 1496, 2012 WL 6021441, at *7 (E.D.N.Y. Dec. 4, 2012)) (internal quotations omitted). It does not protect non-debtor parties or their property. *Id.* (citing *Gross Found.*, 2012 WL 6021441, at *7). In other words, "the stay protects property of the estate only to the extent that the debtor has an interest in that property." *See generally Gross Found.*, 2012 WL 6021441, at *8 n.11.

## **DISCUSSION**

Debtor filed her petition[17] in the above-captioned bankruptcy case on October 25, 2016. [*See* Dkt. No. 1, Case No. 16-75006-las.] In the Renewed Cross-Motion, Debtor argues that recording the Assignment of Mortgage to PHH during the pendency of her bankruptcy case violated the automatic stay. *See* Cross-Mot. ¶¶ 127-37; *see also* Cross-Mot., Ex. J (Corporate Assignment of Mortgage, dated September 27, 2019).[18] Exhibit J to the Renewed Cross-Motion lists Onewest as the assignor, and PHH as the assignee, of the mortgage on the Property. *See* Cross-Mot., Ex. J. Exhibit J also indicates that the recording was requested by PHH. *Id.* The Date of Assignment is listed as September 27, 2019, and the loan amount is listed as $398,500.00. *Id.*

Defendants respond that PHH did not violate the automatic stay, as (i) recording the Assignment of Mortgage did not create, perfect, or enforce a lien; and (ii) the Mortgage is not property of the bankruptcy estate. *See* July Cross-Mot. Opp. at 27-29. The Court agrees with Defendants for the reasons set forth below.

---

[17] Debtor first filed a voluntary petition for relief commencing her current case under chapter 13 of the Bankruptcy Code. [Bankr. Dkt. No. 1.] On request of Debtor, the chapter 13 case was converted to a chapter 7 case on January 6, 2017. [Bankr. Dkt. No. 24.] This is Debtor's third bankruptcy filing, having previously filed a chapter 7 petition on February 9, 2015, in which Debtor received a discharge [Dkt. No. 29, Case No. 8-15-70486-las], and a chapter 13 petition on September 29, 2015, which was subsequently dismissed on motion of the chapter 13 trustee [Dkt. No. 31, Case No. 8-15-74157-las]. Because Debtor received a discharge in her prior chapter 7 case, Debtor is ineligible to receive a discharge in her now-converted chapter 7 case. *See* 11 U.S.C. § 727(a)(8).

[18] In the Renewed Cross-Motion, Debtor seeks "sanctions . . . and an order expunging the Mortgage lien created on September 27, 2019" pursuant to 11 U.S.C. § 362(k)(1). *See* Cross-Mot. ¶ 131; *see also id.* ¶¶ 135-36. Section 362(k)(1) provides as follows: Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). Because the Court concludes that PHH did not violate the stay, the Court need not address Debtor's argument pertaining to Section 362(k)(1).

I.    **NEITHER THE ASSIGNMENT NOR ITS RECORDING WAS AN "ACT TO CREATE, PERFECT, OR ENFORCE A LIEN" UNDER SECTION 362(a).**

Courts have recognized that postpetition assignments such as the Assignment of Mortgage at issue here do not constitute acts to "create, perfect, or enforce" a lien and therefore do not violate the automatic stay. *See, e.g.*, *Sigmon v. Cornerstone Home Lending (In re Sprouse)*, No. 09-31054, 2014 WL 948490, at *4-5 (Bankr. W.D.N.C. Mar. 11, 2014) (noting that "an assignment does not create a lien; rather it is the *original execution of the deed of trust* that creates the lien and the original recording that perfects the lien" and that "[n]either an assignment nor the recording of an assignment constitutes an enforcement of [a] lien, which could only be enforced through a foreclosure") (emphasis added); *Lunn v. WestVue NPL Tr. II (In re Lunn)*, No. AP 16-2014-PRW, 2016 WL 5349726, at *5 (Bankr. W.D.N.Y. Sept. 23, 2016) (citing *Sigmon* for same); *Sanchez v. Aurora Loan Services, LLC (In re Sanchez)*, No. 09-41756-E-13, 2011 WL 10656551, at *8 (Bankr. E.D. Cal. Dec. 16, 2011) ("The [postpetition] recordation of the assignment does not violate the automatic stay. The transfer of a beneficial interest in a deed of trust is not an act of perfection of a lien. . . . *The lien on the property is perfected at the time the Deed of Trust is recorded*, which in the present case was well before the filing of the bankruptcy petition.") (emphasis added); *see also In re Samuels*, 415 B.R. 8, 22 (Bankr. D. Mass. 2009) ("Nor is the postpetition assignment of a mortgage and the related note an act to collect a debt; the assignment merely transfers the claim from one entity to another.").

Debtor asserts that the recordation of the Assignment of Mortgage constituted the "creation" and "execution" of a mortgage lien against the Property. *See* Cross-Mot. ¶¶ 128-29. This is incorrect as a matter of New York law. Recording the *assignment* did not create or perfect the lien. Debtor does not dispute that the mortgage was originally recorded in the

Nassau County Clerk's Office more than twelve years *before* the assignment—on May 1, 2007. *See* Renewed Cross-Motion Decision at 30; *see also* Cross-Mot. ¶¶ 26, 29, 31. "Under the New York Real Property Law § 291, a security interest in real property can be perfected only by filing written notice with the Clerk of the County where the property is located so that the lien may be publicly recorded, giving notice of the encumbrance to potential purchasers or future creditors." *See generally In re Churchill Mortg. Inv. Corp.,* 233 B.R. 61, 70 (Bankr. S.D.N.Y. 1999) (citing N.Y. Real Prop. Law § 291).

The lien on the Property was thus created long before the assignment was recorded. PHH merely recorded the assignment, which simply substituted PHH as the mortgagee. *See* Cross-Mot., Ex. J. As such, neither the assignment nor the recordation thereof violated the automatic stay. *See Lunn*, 2016 WL 5349726, at *5 (granting motion to dismiss cause of action alleging violation of automatic stay where movant "merely recorded an assignment" of a foreclosure judgment postpetition, movant was simply substituted as party-plaintiff under the foreclosure judgment, and movant "did not seek to enforce that judgment").

## II. NEITHER THE ASSIGNMENT NOR THE POSTPETITION RECORDATION THEREOF INVOLVED THE TRANSFER OF PROPERTY OF THE DEBTOR OR PROPERTY OF THE ESTATE.

Debtor's argument fails for an additional reason. As discussed *supra*, the automatic stay protects only the debtor, property of the debtor, or property of the estate. *See Sec. Inv. Prot. Corp.*, 490 B.R. at 65; *Gross Found.*, 2012 WL 6021441, at *8; *see also Matter of Georgia Steel, Inc.*, 71 B.R. 903, 909 (Bankr. M.D. Ga. 1987) ("A careful reading of Section 362 reveals that it only applies to the debtor and its property . . . . Section 362 provides no stay of actions against third parties and their property.") (internal citations omitted). As such, "the automatic stay provisions of the Bankruptcy Code do not prohibit a creditor of a debtor from transferring any interest or claim it might have against the debtor's bankruptcy

estate to a third party." *See Matter of Georgia Steel, Inc.*, 71 B.R. at 909. This is because "[s]uch a transfer merely substitutes the party that holds the interest or claim against the debtor's bankruptcy estate, and such transfer does not serve to increase or decrease the interest or claim the party asserts against the debtor's bankruptcy estate." *Id.*

Courts have thus recognized that postpetition assignments such as the Assignment of Mortgage here do not involve the transfer of any property belonging to the debtor or the debtor's estate and therefore do not violate the automatic stay. *See, e.g.*, *In re Ahmadi*, 467 B.R. 782, 792 (Bankr. M.D. Pa. 2012) ("The assignment of a mortgage and the related note from one holder to another is not a transfer of property of the estate."); *Sanchez*, 2011 WL 10656551, at *8 (observing that "the Plaintiff–Debtors do not have an interest in the Note which is secured by the Deed of Trust encumbering the property and thus, the Note and Deed of Trust are not property of the estate"); *In re Samuels*, 415 B.R. at 22 ("The postpetition assignment of a mortgage and the related note from one holder to another is not a transfer of property of the estate. The mortgage and note are assets of the creditor mortgagee, not of the Debtor."); *see also Kapila v. Atl. Mortg. & Inv. Corp. (In re Halabi)*, 184 F.3d 1335, 1337 (11th Cir. 1999) (concluding that the assignments were merely "transfer[s] of one mortgagee's interest to a successor mortgagee" and "did not involve a transfer of the debtor's interest in the real property or a transfer of property of the debtor's estate"); *Rogan v. Bank One (In re Cook)*, 457 F.3d 561, 568 (6th Cir. 2006) (citing *Kapila*); *Carpenter v. Mid-Island Mortg. Corp.*, No. 15-10046, 2015 WL 4756642, at *3 (E.D. Mich. Aug. 11, 2015) (citing *Rogan* and *Kapila*); *In re Corley*, 447 B.R. 375, 385 (Bankr. S.D. Ga. 2011) (citing *Kapila* and noting "[w]hen Debtors granted a deed to secure debt to MERS, they made an absolute conveyance of their legal title to the Property, reserving the right to have the Property reconveyed to them upon the payment of the Note. . . . Any post-petition transfer of the Security Deed did not violate

the automatic stay . . . Because Debtors' only interests in the Property were the right of possession and the right to have the Security Deed reconveyed upon repayment, they had no interest in the Security Deed itself at the time of any post-petition transfer."); *In re Kunze*, 459 B.R. 468, 474 (Bankr. D. Kan. 2011) (citing *Kapila* and concluding that "the assignment of [a] previously perfected mortgage and note from one lender to another . . . does not involve property of the estate because the assignment of the mortgage and note relate only to the creditor's interests, not any property interest of Debtors").

<u>**CONCLUSION**</u>

For the reasons stated above, the Court rejects Debtor's argument and concludes that neither the assignment nor the postpetition recordation thereof constitute a violation of the automatic stay.

Dated: July 15, 2024
      Central Islip, New York

**Louis A. Scarcella**
**United States Bankruptcy Judge**